GEORGE E. HILL, TRUSTEE, vs. MAX J. BUECHLER.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The right to begin a civil action at any time, which has always existed in this State, is not to be destroyed by statutory implication.

Chapter 196, §1, of the Public Acts of 1897, provides that civil actions brought to the Court of Common Pleas shall be made returnable on the first Tuesday of any month except July and August, "provided that such return day shall not be more than six weeks after the commencement of the action." *Held* that this proviso was not intended, and ought not to be construed, to prevent the institution, at any time, of a suit made returnable to the next return day of the court, merely because more than six weeks might intervene between the service and return of the action.

In an action by a trustee in insolvency to recover the value of property transferred to and received by the defendant in violation of the insolvent law, it is immaterial whether the defendant had the property in his possession or under his control at the commencement of the action, and also whether the trustee had made a previous demand for its delivery; the gist of the action is not a wrongful refusal to deliver on demand, but the injury caused by the statutory default or breach of duty.

Evidence that the debtor had no property about a month after the alleged illegal transfer, is relevant as tending to prove his insolvency at the date of such transfer.

Argued June 6th—decided October 4th, 1900.

ACTION by a trustee in insolvency to recover the value of certain merchandise claimed to have been transferred by the insolvent in fraud of his creditors, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Curtis, J.,* after a plea in abatement had been overruled; verdict and judgment for the plaintiff for $956 damages, and appeal by the defendant for alleged errors in the rulings and charge of the court. *No error.*

The complaint alleged the facts essential to establish an invalid transfer of property within sixty days of insolvency proceedings, made and received with a view to the insolvency; and further alleged that " on June 15th, 1898, the plaintiff

demanded said merchandise of the defendant, but the defendant refused to deliver the same and has converted the same to his own use."

The plea in abatement alleged that the writ was dated June 22d, 1898, and service made June 23d, 1898, and that the writ was made returnable to the Court of Common Pleas for Fairfield County on September 1st, 1898, which was more than six weeks after the commencement of said action.

A statute passed in 1897 (Public Acts of 1897, Chap. 196, § 1) and in force at the time, provided that actions brought to said court, "shall be returnable to the first Tuesday of any month, . . . except the months of July and August; *provided, however,* that such return day shall not be more than six weeks after the commencement of the action."

This plea having been held insufficient, the defendant answered and substantially denied all the material allegations of the complaint.

It appears from the finding of the court that upon the trial the plaintiff offered evidence to prove and claimed to have proved each of the material allegations of the complaint; and the defendant offered evidence to prove and claimed to have proved facts inconsistent with the truth of said allegations.

The defendant, among other requests (substantially granted), asked the court to charge, that in order to recover in this action the plaintiff must prove "that when the trustee made his demand upon the defendant, Buechler, for the goods, they were in fact in his possession or under his control." The court did not so charge, but charged in substance that if the jury found all the facts alleged, being the facts necessary to establish a transfer of the goods in violation of the statute and of the plaintiff's rights as trustee in insolvency, then the plaintiff was entitled to recover in this action.

The plaintiff put upon the stand one Julius Schwartz, a member of the insolvent firm, and asked him this question: "On the 26th of April, 1898, what property did you possess?" (The alleged illegal transfer was on March 28th, and the plaintiff was appointed trustee on May 28th.) This question

was objected to as irrelevant and calculated to prejudice the jury; it was admitted, and the defendant duly excepted. The witness answered, "Nothing." The witness was then asked: "On the 26th of April (1898) you had nothing?" Objected to, admitted and exception taken. The witness answered, "No."

The appeal assigns error in sustaining the demurrer to the plea in abatement; in the refusal to charge as requested, and in the charge; and in the admission of the testimony of the witness Schwartz.

*Robert E. DeForest*, for the appellant (defendant).

*Daniel Davenport* and *William D. Bishop, Jr.*, for the appellee (plaintiff).

HAMERSLEY, J. The right to commence a civil action on any day in the year except Sundays, to be entered at the next session of the court having jurisdiction of the cause, has always been recognized, and has never been taken away by statute. The only rule in the nature of a restriction is based on the necessity of giving notice to the defendant by service a reasonable number of days before the session of court.

In 1876 the legislature provided that in addition to the regular terms of the Superior Court in Hartford, New Haven and Fairfield counties, the first Tuesday of each month, except July and August, should be regarded as a special session for the purpose of returning actions; and in order to establish a reasonable time between the commencement of an action and its return to court, provided that the return day should be not more than eleven weeks from the date of the process. Public Acts of 1876, p. 100.

In 1877 the legislature made a similar provision in respect to the Court of Common Pleas in Hartford and New Haven counties, except that the reasonable time between the commencement of an action and its return to court was fixed at fifteen weeks from the date of process. Public Acts of 1877, p. 234. This provision was retained in the General Statutes of 1888. See § 729.

In 1886 the legislature provided for a practically continuous session of the Superior Court, and that the first Tuesday of each month except July and August should be regarded as a session for the return of actions, and that all process should be made returnable to the next return day, or the next but one, to which it could be made returnable. Public Acts of 1886, p. 629. This provision appears in the General Statutes of 1888 as § 794.

In 1899 the practice in the Court of Common Pleas was made conformable to that in the Superior Court, except in New Haven county where writs were returnable on the first Tuesday of any month. Public Acts of 1899, p. 1051.

From 1876 to 1899, the intent, in making changes in the terms of court, to preserve the right to commence an action at any time, returnable to the next session of the court to which it can be made returnable, is effectively expressed with clearness and certainty. In 1895 (Public Acts of 1895, p. 547) and in 1897 (Public Acts of 1897, p. 896), in providing for certain differences in Courts of Common Pleas in different counties, the legislature, fixing the outside limit of time between the commencement of an action and its return day, used language which, if strictly applied, implies a prohibition of the institution of any civil action in these courts during a portion of the year. The implication involved in such strict application would demand the abatement of the writ in this action. It is certain that the language was not used for such purpose, and in the Act of 1897 (the one the defendant invokes) it may not unreasonably be construed as excluding the implication claimed by the defendant. But however this may be, we think the right of instituting actions, as it has been recognized since the beginning of our government, cannot be thus denied by mere implication. Unless the intent of the legislature to accomplish that result is directly expressed in unmistakable terms, the court is not justified in treating as the legislative intent a result so plainly uncontemplated, and so repugnant to the intention clearly expressed in cognate legislation. This action was made re-

turnable on the return day next following its commencement, and duly served; the statutory limitation of six weeks between the commencement of an action and its return day has therefore no application, and the trial court did not err in sustaining the demurrer to the plea in abatement.

There is no error in the charge. The gist of this action is not a wrongful conversion by refusal to deliver possession upon demand of the legal owner. The circumstances attending a demand and a refusal may have evidential force; but a demand of possession is not essential to the right of action. The question whether or not the allegation of demand in the complaint was strictly proper, is one not raised. The duty and correlative right underlying this action are statutory. The Insolvent Act (Ch. LII of the General Statutes) makes the receipt of property by a creditor in satisfaction of his claim, knowing that his debtor is in failing circumstances and that the transfer is made in view of insolvency and for the purpose of preferring the receiving creditor, a breach of duty; and creates a right to recover the legal damages which may result therefrom. The breach of duty is complete when the property is received, but the right of action is not complete until insolvency proceedings are commenced, and is lost if they are not commenced in sixty days. The effect, immediate and contingent, of such a transfer, as between the parties thereto and others, upon rights relating to ownership in the particular property so transferred, is not important in this case. When the event made by statute necessary to the completion of the right of action has taken place, and the trustee asserts through the institution of an action his right to recover damages resulting to the insolvent estate from the transfer, the gist of that action is the injury caused by the statutory default or breach of duty; and it is therefore immaterial to the maintenance of the action, so long as the statutory default and consequent damage is proved, whether or not at its commencement the creditor had possession of the property, or whether the trustee had made a previous demand of possession.

The testimony of the witness Schwartz was relevant and admissible.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.