## Dora Levy et al. *vs.* The Metropolis Manufacturing Company et al.

Third Judicial District, New Haven, January Term, 1901.
Andrews, C. J., Torrance, Baldwin, Hamersley and Hall, Js.

The defendants pleaded in abatement because the process was served upon them more than six weeks before the return day. Such service was valid unless both of the defendants resided in New Haven. *Held* that inasmuch as the plea failed to allege such residence it was defective in form, at least, and demurrable upon that ground, notwithstanding the writ described the defendants as of New Haven.

The question of formal defects in the complaint must be raised by demurrer.

This court has power to review ultimate conclusions of fact drawn from the subordinate facts detailed in the record ; but the appeal will be unavailing unless the record shows that such conclusions were reached by adopting erroneous views of law, or that the subordinate facts are logically and necessarily inconsistent with such final conclusions.

It is not essential that an execution debtor should have made a demand upon his creditor to reopen the judgment and recall the execution, before bringing a suit to enjoin its levy.

The defendant's agent while under the immediate charge of its foreman, sold and delivered two rugs to the plaintiffs for $1.40, and received payment therefor. The rugs cost the defendant $5, and had never been in use, but were somewhat worn from exposure and handling. The defendant subsequently demanded the rugs and the plaintiffs offered to return them upon repayment of the $1.40. *Held* that the circumstances disclosed by the finding did not, as matter of law, require the plaintiffs to question the agent's authority to sell at the price asked.

The defendant's agent having died before the trial, the defendant offered to prove what such agent had said he had done with the rugs. *Held* that such statement was hearsay and was properly excluded.

Persistent litigation over a matter of little pecuniary value and one which involves no substantial rights, is an abuse of the facilities for the administration of justice.

Argued January 16th—decided March 6th, 1901.

Action to restrain the defendants from levying an execution issued by a justice of the peace, brought to the Court of Common Pleas in New Haven County where the plaintiffs'

demurrer to the defendants' plea in abatement was sustained (*Studley, J.*) and the cause was afterwards tried to the court, *Hubbard, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendants for alleged errors in the rulings and findings of the court. *No error.*

The plaintiffs were pawnbrokers and dealers in second-hand goods. The defendant J. Peter Dejon was a deputy-sheriff, and the Metropolis Manufacturing Co. was a corporation engaged in selling rugs and other goods by absolute sale and on the instalment plan, through agents, and employed a large number of agents in its business. Among these agents was one Howard C. Payne, who on February 7th, 1898, while working from the team of the defendant corporation, and under the immediate charge of its foreman, sold and delivered to the plaintiffs for $1.40 two rugs, and received payment therefor. Said rugs cost the Company $5, and had never been in use, but had the appearance of wear from exposure and handling. Four days later the Company sent one of its employees with said Payne to the plaintiffs to demand the rugs as its property. This employee told the plaintiffs that the agent Payne had sold the rugs too cheap. The plaintiffs replied that if so the Company could have them back for what they, the plaintiffs, had paid for them. The employee then left, saying he would return and take them. Subsequently the Company made written demand for the rugs, and, on refusal of plaintiffs to deliver them except by way of the trade back, brought an action for conversion before a justice of the peace. The Levys appeared and defended, and the case was adjourned from time to time until April 14th, 1899, when the parties were heard upon a demurrer by the corporation to a plea in abatement filed by the Levys. The justice notified the parties that when he had reached his decision on the demurrer he would notify counsel what it was, and would then consult them as to fixing a time for trial. After the justice had reached his decision on the demurrer, he fixed April 22d as the day for trial on the merits. Notice of the day of trial was received by the attorney for the corporation, but no notice was ever given the Levys, or either of them, or their attorney, and neither

the Levys nor their attorney knew there was to be a hearing of said cause on said day. The corporation appeared before the justice on April 22d, and took judgment against the Levys by default, and the justice issued execution and delivered it to the present defendant Dejon for service. The first knowledge the Levys had of such hearing was when the officer made demand on the execution. The Levys then made demand on the justice to reopen the judgment and recall the execution, which was refused; and thereupon they brought this action, claiming an injunction.

The present complaint sets out the facts as to the justice judgment, and alleges that the plaintiffs have a sufficient defense to that action.

The defendant corporation filed a plea in abatement to the writ, to which the plaintiffs demurred. This demurrer was sustained. The answer of the corporation admits all the allegations of the complaint, except the allegations that the justice had agreed to consult the attorneys in fixing a day for trial on the merits, that the Levys had no notice of the time fixed by the justice, and that the Levys had a sufficient defense to the action before the justice, which allegations were denied; and further alleges that a notice of the day fixed for trial by the justice was sent by mail to the attorney for the Levys, and some other matter which was expunged by order of court.

The court found the issues for the plaintiffs and issued an injunction as claimed.

At request of defendants the court (*Hubbard, J.*) made a finding stating the facts on which the judgment was based, and also the subordinate facts from which the ultimate conclusions of fact were drawn, and stating the action of the court in ruling on evidence and on claims of law made on the trial.

The appeal assigns error in sustaining the demurrer to the plea in abatement; in expunging portions of the answer; in rendering judgment on a complaint insufficient to support it; in reaching the conclusions of fact from the subordinate facts found; in overruling claims of law made on the trial,

and in rejecting the testimony of Caleb M. Morse; and claims a correction in the finding of facts.

*Caleb A. Morse* and *Nehemiah Candee*, for the appellants (defendants).

*Robert C. Stoddard*, for the appellees (plaintiffs).

HAMERSLEY, J. The cause of abatement alleged in the plea of the defendant corporation is defective service, and the particular cause is thus stated : Said writ was not otherwise served on the defendant corporation than by leaving a copy of the same with said defendant's secretary on the 24th day of April, 1899, and "six weeks and one day, instead of six weeks, before the first Tuesday of June, 1899, to which said writ was made returnable." There is no other allegation.

Under the statute applicable to this case, service could legally be made more than six weeks before the return day, if that return day were the one next after the date of service to which the writ could be made returnable. Public Acts of 1895, p. 547; id. 1897, p. 896; *Hill* v. *Buechler*, 73 Conn. 227, 230. This legislation has been repealed (Public Acts of 1899, Chap. 120, p. 1051), and questions under it, except as to actions brought before the repeal, are now immaterial. The only return day intervening between the date of service of this writ and the first Tuesday of June, 1899, was the first Tuesday of May, 1899. The writ was served on April 24th, less than twelve days before said first Tuesday of May ; and therefore it was properly served unless both of the defendants were residents of the town of New Haven, in which case it might be that the service was invalid. General Statutes, § 751. The plea contains no allegation that the defendant corporation is a resident of New Haven, and no allegation of any kind in respect to the defendant Dejon. But the claim is made that the defect in omitting these allegations is aided by the description contained in the writ of the defendant corporation, as "located in the town of New Haven," and of the defendant Dejon as residing "within the city and county of

New Haven and State of Connecticut." We need not consider what weight might be given this claim in passing on the sufficiency of the plea in substance, for it is now challenged for its defective form. It does not state that both the defendants were residents of New Haven, and states nothing which points out to the plaintiffs how service can legally be made upon these defendants; that is, whether it should be made upon them as being both residents of the town of New Haven, or not. In this case the actual residence of both defendants is the only fact decisive of the legality of the service, and that fact is not stated. Such particularity is requisite (*Budd* v. *Meriden Electric R. Co.*, 69 Conn. 272, 283), and the Practice Act says that such a plea must state the particular causes of abatement, and how the plaintiff might or should have brought his action in order to avoid them, if they are such as could have been avoided. General Statutes, § 872. The demurrer states that the plea in abatement does not give the plaintiffs a better writ, and was properly sustained on this ground.

It may be that the plea is bad in substance, and that the demurrer should be sustained even if the exceptions to defects in form were not well taken, but we do not consider these questions.

If the court erred in ordering certain paragraphs in the answer to be expunged, no harm was done by it. The complaint is sufficient in substance. As there was no demurrer, the question of defect in form cannot be raised on this appeal.

The exceptions to the conduct of the trial by the court are not well taken. The question asked the witness Morse was properly excluded. The evidence called for was hearsay, and came within no one of the exceptions to the rule excluding such evidence.

The trial court found these facts : 1. The sale of the rugs to the plaintiffs was made by Payne, acting as agent of the defendant corporation, and acting within the apparent scope of his authority. 2. The plaintiffs made an absolute purchase of said rugs from said Payne, in entire good faith, believing him to have the authority to make the sale, and was not chargeable in the circumstances with any neglect to make special in-

quiry as to the right of Payne to sell the rugs for the price paid. 3. The plaintiffs had a meritorious and sufficient defense to said action for conversion.

No claim is made that the court erred in rendering, upon these facts in connection with other facts admitted and found for the plaintiffs, the judgment appealed from. The court has found in detail the subordinate facts from which said conclusions of fact were drawn ; and the defendant's claim is that these subordinate facts are insufficient in law to support the conclusions of the court. Such conclusions are reviewable ; but we think that the claim as here made does not call for discussion. The record does not show that the conclusions of fact were necessarily influenced by the adoption of any erroneous rule of law, and the claim that the subordinate facts found, or any of them, are logically and necessarily inconsistent with the ultimate conclusions, is not tenable.

The court did not err in overruling the claims of law made by the defendants on the trial. It was not necessary for the plaintiffs to show that " demand was made on the defendants before suit was brought to reopen the judgment given by said justice of the peace." The circumstances of the case appearing in the finding did not, by necessary operation of law, cast a duty upon the plaintiffs to make inquiry as to the agent's authority to sell at the price asked. There is no occasion to correct the finding.

It appears from the whole record that the plaintiffs' property interest in the original contention was $1.40, and that of the defendant corporation was $5, and that the plaintiffs and defendant were both at fault and acting against their real interests in pressing this action to trial. Parties should remember that persistent litigation, where no substantial rights are involved, is an abuse of the facilities furnished by the State in the administration of justice.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.