THE STATE OF CONNECTICUT EX REL. EDWARD G. ROWLAND *vs.* MARK SMITH, JUDGE OF PROBATE.

First Judicial District, Hartford, October Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

It is the duty of the judge of probate from whose judgment an appeal has been taken, to correct a mistake in the date of the return day of the process, upon application made to him before service of the papers; and upon his refusal, mandamus will lie to compel him to make the desired correction.

The fact that the mistake was due to the oversight or inadvertence of the appellant's attorney and not to the error of the probate judge, is of no consequence in so far as its correction is concerned.

An application for a writ of mandamus in a matter of mere private right must be verified by oath and a bond or recognizance for costs must be given before the issue of the alternative writ; otherwise such writ may be quashed upon motion.

Argued October 3d—decided December 19th, 1916.

APPLICATION for a writ of mandamus requiring the respondent to make a correction in certain appeal papers in his court, brought to the Superior Court in Middlesex County where a motion to quash the alternative writ was denied (*Holcomb, J.*), a demurrer to the return was sustained (*Burpee, J.*), and judgment was afterward rendered (*Tuttle, J.*) for the petitioner, from which the respondent appealed. *Error, judgment*

*reversed, and cause remanded with direction to enter judgment for defendant.*

The defendant, as probate judge for the district of Clinton, passed a decree removing the plaintiff as natural guardian of his minor son. On the 19th September, 1913, the plaintiff's then attorney, Mr. O'Flaherty, now deceased, moved for an appeal to the Superior Court next to be held in and for Middlesex County on the fourth Tuesday of September, 1913, and the appeal was allowed. Appeal papers were prepared stating that an appeal from the decree had been taken by the plaintiff to the Superior Court to be held on the fourth Tuesday of September, 1913, and allowed by the court, a bond given, and this, with an order of notice attached, was signed by the defendant as judge of the court. Later, on the 27th of September, 1913, the plaintiff's said attorney requested the defendant to correct the appeal papers by substituting "the first Tuesday of October" for the words "the last Tuesday of September," which the defendant refused to do. The peremptory writ orders this correction to be made as prayed for in the application.

*Charles A. Pelton* and *Wesley U. Pearne*, for the appellant (respondent).

*Frank D. Haines*, for the appellee (petitioner).

THAYER, J. Proceedings in our probate courts are generally somewhat informal. A formal written motion for the allowance of an appeal is not necessary, unless required to show that the person desiring to appeal has such an interest in the order appealed from as entitles him to appeal, or for some like reason.

The defendant in the present case, in his return to the writ, attempts to justify his refusal to correct the

appeal, upon the ground that the appeal was, specifically, taken to the Superior Court in Middlesex County to be held on the fourth Tuesday of September, 1913, and that having allowed the appeal as asked for and signed the appeal papers, he had no power to allow the correction asked for. The statutes provide that a term of the Superior Court shall be held in Middlesex County for the transaction of civil and criminal business, annually, on the fourth Tuesday of September (§ 452). They provide that appeals from probate shall be taken to the Superior Court (§ 406). They provide, also, that process in civil actions (to which probate appeals belong), if brought to the Superior Court, shall be made returnable on the first Tuesday of any month except July and August, and that all process shall be made returnable to the next return day or the next but one to which it can be made returnable (§ 566). The appeal, therefore, was in this case taken to the proper court, namely, the Superior Court in Middlesex County within which is the probate district of Clinton. The trouble was with the process which was issued by the court. This consists of a copy from the probate record showing the order appealed from, the fact that the appeal has been taken, the return day of the process, and an order of notice made by the judge providing that the persons adversely interested shall be notified of the appeal by some proper officer or indifferent person in such manner as the court directs. The appeal was taken on the 19th of September. The process, therefore, could have been made returnable to either the first Tuesday of October or the first Tuesday of November, 1913. As the first Tuesday of October, 1913, came upon the 7th day of the month, sufficient time for service was allowed had the process been made returnable to that day. The next return day of the court may, in a given case, come so near to the date

of the taking of the appeal as to render it necessary to make the process returnable to the following return day. The judge granting the appeal knows the statutory provisions relating thereto and the circumstances of the case in hand, and it is his duty to make the process returnable to one or the other of the proper return days. It is enough that the appeal is taken in proper time and to the proper court. The appeal should be made returnable to the next or the following return day of the court after the appeal, and this can be determined according to the circumstances of the case, sufficient time being given for notice to the adverse parties. The fact that the attorney in giving notice of the appeal stated that he took it to an impossible return day did not vitiate the appeal nor render it incumbent upon the judge to make the appeal returnable to such day. Having done so, it was proper for him to make the amendment asked for, the same having been requested before the next return day. The fact that the plaintiff's attorney prepared the papers does not excuse the defendant in refusing to correct the record when his attention was called to the error and a request made that he correct it. The process had not then issued, and there was time for its proper service after correction before the proper return day. The demurrer to the return was properly sustained.

This case is docketed as The State ex rel. Rowland v. Mark Smith, Judge of Probate. There is nothing in the application or alternative writ to indicate that the State is a party plaintiff. The application is in the name of Rowland in person. The writ of mandamus is so far a prerogative writ in this State that it should be in the name of the State, and if its purpose is, as in this case, to enforce a private right, it should be in the name of the State but at the relation of the party aggrieved. *State* v. *Towers*, 71 Conn. 657, 663,

42 Atl. 1083. It is in the defendant's motion to quash that the State first appears in the title to the case as a party plaintiff. If the case is to be treated as an application by the State at the relation of Rowland for a mandamus, we think that the motion to quash, on the ground that the application was not verified and that it does not appear that a bond was required before the issuing of the alternative writ, should have been sustained. The right sought to be enforced was a mere private right of the relator, and we have held that in such a case the application should be verified and a bond required before the issuance of the alternative writ. *State ex rel. Eliott* v. *Lake Torpedo Boat Co.,* 90 Conn. 638, 645, 98 Atl. 580.

The plaintiff suggests that this application is to be treated as an application in the pending case of Rowland's Appeal from Probate in the Superior Court, for an interlocutory order in the nature of a writ of mandamus under the statute, and he says that he knows of no rule requiring the verification of such an application or a bond on the issuance of such an order. If Rowland's Appeal were pending in the Superior Court, there would be some force to the suggestion that this is such an interlocutory order made upon Rowland's suggestion. But it does not appear from the record that the appeal is pending in the Superior Court, or that the appeal was ever served or returned to or received by the Superior Court. We can hardly upon this state of the record assume that the proceeding before us is a mere interlocutory proceeding in a pending case in the Superior Court.

There is error, the judgment is reversed, and the cause is remanded with direction that a judgment in favor of the defendant be entered.

In this opinion the other judges concurred.