ANNIE M. McCABE ET AL. v. STEWART ATKINSON, JR., EXECUTOR

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 81179

Memorandum filed December 19, 1948.

Buckley, Creedon and Danaher, of Hartford, for the Plaintiff.

Day, Berry and Howard, of Hartford, for the Defendant.

KING, J. This was a hearing on a rule to show cause why the plaintiff should not be allowed to file in the Superior Court a copy of the process and officer's return, incident to an appeal from probate, which were lost prior to entry in the Superior Court.

The defendant orally admitted (for the purpose of the determination of the rule to show cause) all of the allegations of fact in the twelve paragraphs of the application.

From these allegations so admitted, it appears that the Probate Court for the District of Manchester, on August 22, 1947, admitted to probate the will of Rachel Jane Hopper, deceased; that the plaintiffs herein appealed therefrom and gave a proper bond within the time allowed by law; that the Court of Probate issued an order of notice thereon and delivered the appeal papers to a constable for service; that the service was properly made except that the secondary original was never returned to the Superior Court, either because lost in the mail or lost in the clerk's office.

The purpose of this proceeding is to secure permission to file copies of this lost secondary original in the Superior Court for Hartford County. As appears in paragraph 8, the primary original was returned to the Probate Court. .

Counsel argued the matter as though it had been a plea in abatement and to the jurisdiction based on a late return of an original process to the court. The defendant correctly claimed that the appeal from probate was a "civil action" in so far as the statutes (General Statutes §§ 5463 and 5464) are concerned requiring the return to be made at least six days before the return day or next but one to which it may be made returnable. *Campbell's Appeal,* 76 Conn. 284, 285. It should have been returned not later than six days before the first Tuesday of October, 1947, its return day.

However, there is no authority in the clerk of the Superior Court to refuse to receive and enter a late return of process. Had the constable delivered the process to the clerk's office, even though well after the return day, it would have been received. In this appeal it would have been perfectly possible for the constable to have done this because the primary process was returned to the Probate Court and only the secondary process was lost. The officer himself could have made and attested a new copy of the primary process, which is a public document on file in the Probate Court.

Furthermore, a late return is, under certain circumstances voidable, if attacked by a plea to the jurisdiction and in abatement. *Hill* v. *Buechler,* 73 Conn. 227, 231. Such an attack would be impossible if the process were to be rejected by the clerk in limine, since there would then be nothing in the court to which such a plea could be addressed. And such in effect was the holding in *Orcutt's Appeal,* 61 Conn. 378, 381. That case is stronger than this since there the appeal was assumed not to have been taken or allowed until long after the time within which an appeal could properly be taken. Necessarily, it could not have been entered in the Superior Court within the proper time, even though entered seasonably in view of the time when the appeal was actually (although erroneously) allowed. In the *Orcutt* case the defect went to the primary original process, which remains in the Probate Court and really most nearly corresponds to the original process in the ordinary civil action. *Donovan's Appeal,* 40 Conn. 154, 156; General Satutes § 4995. Here the claimed defect was only in the failure to return the secondary original process into the Superior Court. It would be passing strange if more serious consequences could result from a defect in a secondary original than from the same defect in the primary original. And of course this distinguishes the case from such cases as *Anderson* v. *Cowles,* 72 Conn. 335, 338.

Here the appeal was at most voidable and not void. Consequently, it is especially clear that the clerk of the Superior Court would have no right to refuse to enter the appeal. *Fuller* v. *Marvin,* 107 Conn. 354, 356. If this were not so, the suggested remedy of mandamus in *Elderkins' Appeal,* 49 Conn. 69, 70, would seldom, if ever, be sufficiently speedy to be effiicacious.

Even if the appeal had been void on its face the clerk would have no right to refuse to enter it. This is because the determination of whether the appeal (once allowed) is void or voidable and the effect of any irregularity therein is always a matter to be determined by the Superior Court. *Elderkins' Appeal,* supra, *Orcutt's Appeal,* supra; *Donovan's Appeal,* supra; *Hartford National Bank & Trust Co.* v. *Malcolm-Smith,* 129 Conn. 67, 69. If the clerk could pass on such questions, the only remedy from his decision would be the cumbersome one of mandamus.

It follows that the secondary original appeal papers could be forthwith entered in the clerk's office by the officer according to

law in so far as now possible: With the secondary original in court, the matters now sought to be disposed of could be determined in an orderly way by an appropriate plea to the jurisdiction and in abatement. *Leventhal Furniture Co.* v. *Crescent Furniture Co.,* 121 Conn. 343, 345.

It might well have been claimed that the present application is inadequate since it has no return day and is a direct application to the curt in connection with a process not in court, and that no order of any kind of binding force could be made under it and therefore none should be attempted. *State ex rel. Rowland* v. *Smith,* 91 Conn. 110, 114.. However, since the officer might enter a new secondary original process without any order, no harm can come from granting the present application which accomplishes the same result, without prejudice, of course, to the filing of a proper plea to the jurisdiction and in abatement.

Upon the hearing of the plea to the jurisdiction and in abatement, if it be filed, full consideration will undoubtedly be given to the foregoing cases and statutes and to other pertinent cases and statutes including General Statutes, § 6024, and *Hennessy* v. *Denihan,* 110 Conn. 646, 648. To say more at this time would be presumptuous in view of the fact that the whole matter must be determined in an orderly way when the secondary original process has been returned to court and entered on the docket. See *Newman* v. *Golden,* 108 Conn. 676, 679.

The foregoing application is granted, without prejudice to the right to file a plea to the jurisdiction and in abatement.