WILLIAM WEIDLICH *v.* ARTHUR M. COMLEY ET AL.

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 90472

Memorandum filed October 27, 1953.

*Clifton F. Weidlich,* of New York, for the Plaintiff.

*John F. McGowan* and *Pullman, Comley, Bradley & Reeves,* both of Bridgeport, for the Defendants.

King, J. This is an appeal from an order entered April 20, 1953, by the Probate Court for the district of Fairfield. The appellant, claiming to be aggrieved by this order, on May 5, 1953, made his motion in the Probate Court for an appeal "to the Superior Court to be held at Bridgeport, within and for the County of Fairfield, on the first Tuesday of September, 1953," and filed his bond. The Probate Court allowed this appeal on May 15, 1953, and, following the language of the appellant's motion, made the appeal returnable to the first Tuesday of September, 1953, and ordered notice thereof, at least twelve days before the return day, to be given by registered mail to the appellees Comley and The First National Bank and Trust Company, as Trustees under the decedent's will. The return of service shows the mailing of the notice ordered took place on August 10, 1953.

The above appears from the secondary original filed in this court. *McCabe* v. *Atkinson,* 15 Conn. Sup. 307, 308. The demurrer to the pleas in abatement does not make any distinction between the primary and secondary originals, presumably because for the purposes of this appeal there was none.

The appellees to whom notice was given appeared specially and pleaded in abatement, as did one Hetty S. Weidlich, to whom no particular notice was given. Each plea was on the ground that the appeal was not made returnable to the next return day or the next but one to which it might have been made returnable. The appeal should have been made returnable either to the first Tuesday of June or the first Tuesday of July, since for this purpose an appeal from probate is a "civil action." Cum. Sup. 1953, § 2367c; *Campbell's Appeal,* 76 Conn. 284, 285. And, as previously pointed out, in fact the appeal was made returnable to the first Tuesday of September.

The only problem is whether the defect is such that it may be taken advantage of by a seasonable plea in abatement. The appellant has demurred to the pleas, substantially on the ground, variously stated, that the defect is not such as to make the appeal abatable. It should be noted that if the appeal is voidable, then it is abatable. It need not be void. And in this case it was not void but voidable. *Orcutt's Appeal,* 61 Conn. 378, 381; *Coughlan* v. *Murphy,* 134 Conn. 601, 606.

The only substantial difference between this appeal and that involved in *State ex rel. Rowland* v. *Smith,* 91 Conn. 110, 112, was that here the appellant apparently did not detect the defect in time to request the judge of probate to correct the process soon enough so that it could be returned to the court on a permissible return day. Even though, as here, the return day is incorrectly set forth in the motion for the appeal, under our law it is the duty of the judge of probate to make the process returnable on a proper return day. *State ex rel. Rowland* v. *Smith,* supra, 113. This follows from our rule that an appeal from probate is an absolute right of one aggrieved, of which he cannot be deprived by any omission of the Probate Court. *Donovan's Appeal,* 40 Conn. 154, 156; *Fuller* v. *Marvin,* 107 Conn. 354, 357; *Barnum's Appeal,* 33 Conn. 122, 128. Here the appeal was taken within the time allowed by § 7072, and the requisite bond given under § 7071.

However, the appeal was voidable, and, so, the demurrer to the plea in abatement must be overruled. It should be noted that the defect here did not involve notice, but the return day. Nor was any attempt made to rectify the matter either under the procedure of the *Rowland* case or that of the *Coughlan* case.

Of course the decision in this case, even in the event that the appellants press through to final judgment on this plea in abatement, is purely academic.

Both §§ 7793 and 8332 of the General Statutes are applicable. *Campbell's Appeal,* 76 Conn. 284, 285; see also *Baker* v. *Baningoso,* 134 Conn. 382, 387; *Dillon* v. *Millot,* 17 Conn. Sup. 1, 3. However, the appellees are entitled to a correct decision on their pleas in abatement however footless such a result may be in view of §§ 7793 and 8332. *Corden* v. *Zoning Board of Appeals,* 131 Conn. 654, 658.

The demurrer raises the further claim as to the plea in abatement filed by Mrs. Weidlich, that it cannot be sustained because she is not a party to the appeal on account of not having been mentioned in the order of notice issued by the Probate Court in connection with the appeal. This is not the test. If she would be aggrieved by a reversal of the probate decree, she could enter as a party without regard to whether or not the Probate Court ordered, as to her, particular notice of the appeal. §§ 7071, 7076; *Donovan's Appeal,* 40 Conn. 154, 156. As far as appears from the demurrer (§ 7814), she accordingly had an equal right with the other appellees to appear specially, and to plead in abatement. It is hardly necessary to point out that her standing is no less because she is an appellee than as though she had been an appellant.

The appellant's demurrer to the appellees' pleas in abatement is overruled.