[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The executrix has moved to dismiss this appeal from Probate on the ground the appellant failed to take the appeal in a timely manner and failed to return the process to the Superior Court in a timely manner. Because process was not returned to the clerk of the court at least six days before the return day as required by Gen. Stat. 52-46a, I have granted the Motion to Dismiss.
An appeal from Probate is taken by motion to the Probate Court. 1 Locke and Cohn, Probate Practice, 199. The Probate Court entered the decree which is the subject of this appeal on April 26, 1990, and granted the appellant's Motion to Appeal on May 24, 1990. Since the motion was granted within the thirty day limitation set forth in General Statute 45-289, the appellant timely appealed. Fuller v. Marvin, 107 Conn. 354,356 (1928).
The return day for the appeal was July 10, 1990. Process was returned to the Clerk of the Superior Court on July 9, 1990. The return was late. Section 52-46a of the General Statutes requires process to be returned six days before the return day. On July 19, 1990, the appellant filed an amendment changing the return day to July 24, 1990. This type of defect can not be CT Page 3424 cured by an amendment. Rogozinski v. American Food Service Equipment Corp. 211 Conn. 431 (1989); Bergin v. Bergin,31 Conn. App. 566, Cert. denied 196 Conn. 806 (1985). Since no attempt was made to rectify the matter under the procedure set forth in the case of State ex rel. Rowland v. Smith, 91 Conn. 110,112 (1916) or the procedure set forth in the case of Coughlan v. Murphy, 134 Conn. 601 (1948), the Motion to Dismiss must be granted.
The Motion to Dismiss is granted.
GEORGE N. THIM, Judge