CONCEPT ASSOCIATES, LTD. *v.* BOARD OF TAX REVIEW OF THE TOWN OF GUILFORD ET AL.
(11736)

DALY, FOTI and LANDAU, Js.

Argued May 4—decision released July 6, 1993

*John K. Atticks III,* for the appellant (plaintiff).

*Judith A. Ravel,* with whom, on the brief, was *Jeffrey M. Donofrio,* for the appellee (defendant).

LANDAU, J. The plaintiff appeals from the judgment of the trial court dismissing the plaintiff's appeal from a decision of the board of tax review of the town of Guilford.[1] On appeal, the plaintiff claims that the trial court improperly dismissed its appeal for lack of subject matter jurisdiction. We disagree and affirm the judgment of the trial court.

The following facts are pertinent to this appeal. The plaintiff, Concept Associates, Ltd., filed a timely appeal to the board of tax review of the town of Guilford (board). On March 31, 1992, the board affirmed the challenged assessment. On May 6, 1992, pursuant to Public Acts 1991, No. 91-221, § 4,[2] the plaintiff filed an appeal to the Superior Court. The plaintiff's summons specified as a return date May 28, 1992, a Thursday, rather than May 26, 1992, a Tuesday. The complaint was served on the defendants on May 7, 1992, and was filed in the Superior Court on May 14, 1992. On May 28, 1992, the defendants filed an appearance in the trial court. On June 26, 1992, the defendants filed a motion to dismiss the appeal on the ground that the summons specified a return date of Thursday,

---

[1] The defendants are the named defendant and the town of Guilford.

[2] Public Acts 1991, No. 91-221, § 4, provides in pertinent part: "Notwithstanding the provisions of sections 12-118, 12-121aa and 12-121bb of the general statutes, any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, [or] October 1, 1990, OR OCTOBER 1, *1991,* may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action. . . ." Public Acts 1991, No. 91-221, § 4, has been codified as General Statutes § 12-117a. See *Southern New England Telephone Co.* v. *Board of Tax Review,* 31 Conn. App. 155, 156 n.1, 623 A.2d 1027 (1993).

rather than a return date of Tuesday, as required by General Statutes § 52-48.[3] On July 2, 1992, the plaintiff filed a motion to amend[4] pursuant to General Statutes § 52-72.[5] The plaintiff's motion to amend sought the trial court's permission to correct the return date from May 28, 1992 to May 26, 1992. The defendants objected to the plaintiff's motion to amend. The trial court granted the motion to dismiss on September 4, 1992. This appeal ensued.

The plaintiff argues that General Statutes § 52-72 provides the vehicle by which it can amend its process to reflect the correct return date. The defendants, on the other hand, argue that the plaintiff cannot amend its civil process because the return date had already passed at the time the motion to amend had been filed in the trial court and therefore, the court did not have jurisdiction to consider the matter.

"Statutory limitations . . . for the return of process implement the speedy determination of the issues involved. . . . Such time limitations on the enforce-

---

[3] General Statutes § 52-48 provides in pertinent part: "(a) Process in civil actions, including transfers and applications for relief or removal, but not including summary process actions, brought to the superior court may be made returnable on any Tuesday in any month. The return day in any summary process action may be any week day, Monday through Saturday, except a holiday.

"(b) All process shall be made returnable not later than two months after the date of the process and shall designate the place where court is to be held."

[4] The plaintiff labeled the motion as a request to amend. Because of the language used in the body of the document, however, we will treat it as a motion to amend.

[5] General Statutes § 52-72 provides in pertinent part: "(a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement.

"(b) Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally proper in form."

ment of a right, created by statute and not existing at common law, [are] a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action. . . ." (Citations omitted; internal quotation marks omitted.) *Bergin* v. *Bergin,* 3 Conn. App. 566, 569, 490 A.2d 543, cert. denied, 196 Conn. 806, 494 A.2d 903 (1985). "[A]n improperly specified return date affects the court's jurisdiction. . . . [An] incorrect return date should not be viewed lightly. The defect of an improper return day is not a minor defect. Rather . . . an improper return day is a defect which could not be corrected at all until [General Statutes] § 52-72 was enacted." (Citation omitted; internal quotation marks omitted.) *Carlson* v. *Fisher,* 18 Conn. App. 488, 495–96, 558 A.2d 1029 (1989). " '[I]t is the actual return of the writ to the court which really puts the action before the court and empowers the court to proceed . . . .' " *Arpaia* v. *Corrone,* 18 Conn. App. 539, 541, 559 A.2d 719 (1989). Until such time as a proper return is made to the court, that court does not have jurisdiction to consider the matter. Even though a defendant in a civil action may consent to the jurisdiction of the court, that court will still not have the power to proceed with the action until a proper return of process is made to the court. Id.

The plaintiff's reliance on *Carlson* v. *Fisher,* supra, is misplaced. In *Carlson,* in upholding the trial court's denial of the defendant's motion to dismiss, this court recognized that § 52-72 allows for " 'a proper amendment to civil process which has been made returnable to the wrong return day . . . .' " Id., 495. In *Carlson,* however, the motion to dismiss was filed before the date for return had passed, and there was no indication whether the amendment was filed before or after the return day had passed. That decision, therefore, is not controlling under the facts of this case.

In *Arpaia* v. *Corrone,* supra, by contrast, this court held that when the return of service is not timely, it

is a defect that cannot be cured by amendment. The rationale for this proposition is that once the date for return has passed there is nothing before the court that can be amended. Id., 540–41. The same rationale applies here. The plaintiff's summons in this case failed to state a correct return date. Therefore, there was no proceeding before the trial court. The plaintiff's motion to amend the return day was filed after the date for return had passed. Thus, the plaintiff's motion attempted to amend an action that was not properly before the trial court and must fail. The trial court's dismissal of the action for lack of subject matter jurisdiction was proper.

The judgment is affirmed.

In this opinion the other judges concurred.