[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTIONS TO DISMISS (NOS. 102 AND 104)
The plaintiff, a minor, brings this action through her CT Page 6795 parent and next friend, Rose Evans, to recover for personal injuries allegedly sustained as a result of the negligence of the defendants, YMCA of Greater Bridgeport ("YMCA") and Southern New England Conference/Brooklawn SDA Church ("Church").
On April 28, 1994, the YMCA and the Church filed motions to dismiss, each claiming lack of subject matter jurisdiction. In support of their motions, both defendants argue that the court lacks subject matter jurisdiction because the return date of the writ is more than two months after the date of the writ, in violation of General Statutes § 52-48(b). On May 12, 1994, the plaintiff filed a memorandum in opposition to the motions to dismiss.
Subject matter jurisdiction under Practice Book § 143(1) refers to the court's "power to hear and determine cases of the general class to which the proceedings in question belong." EmilyEquipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 577 (1991). The ground of lack of subject matter jurisdiction may be raised by any of the parties or by the court sua sponte at any time. Daley v. Hartford, 215 Conn. 14
(1990).
The defendants herein both argue that the plaintiff's action should be dismissed on the ground of lack of subject matter jurisdiction because the return date of the plaintiff's summons is more than two months after the date of the summons. General Statutes § 52-48(b) provides that "[a]ll process shall be returnable not later than two months after the date of process and shall designate the place where the court is to be held." "The `date of process' . . . refers to the date of the writ of summons . . . which must be accompanied by the complaint." Haylett v.Commission on Human Rights Opportunities, 207 Conn. 547,554-555 (1988). In the instant case, the date of process is January 25, 1994 and the summons states a return date of March 29, 1994, which is more than two months after the date of process. Accordingly, the plaintiff has failed to comply with General Statutes § 52-48(b).
The defendants argue that the plaintiff's specification of an incorrect return date implicates the court's subject matter jurisdiction over the action (as opposed to the court's exercise of personal jurisdiction over the defendants based on insufficiency of the plaintiff's process). CT Page 6796
In the matter of Concept Assoc. Ltd. v. Board of TaxReview, 31 Conn. App. 793 (1993), cert. granted, 227 Conn. 913
(1993), the court held that:
 [A]n improperly specified return date affects the court's jurisdiction . . . the defect of an improper return date is not a minor defect. Rather, . . . an improper return date is a defect which could not be corrected at all [General Statutes] § 52-72 was enacted. . . .
 [I]t is the actual return of the writ to the court which really puts the action before the court and empowers the court to proceed . . . until such time as a proper return is made to the court, that court does not have jurisdiction to consider the matter. Even though a defendant in a civil action may consent to the jurisdiction of the court, the court will still not have the power to proceed with the action until a proper return of process is made to the court.
General Statutes § 52-72 provides in pertinent part: "[A]ny court shall allow a proper amendment to civil process which has been made returnable to the wrong day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement. . . ."
In Concept Assoc., the Appellate Court concluded that an incorrect return date is a defect which implicates the court's subject matter jurisdiction. Id., 797. In so doing, the Appellate Court has reasoned that where the plaintiff's summons fails to state a correct return date, there is no proceeding pending before the court. Id.
In Concept Assoc. Ltd. v. Board of Tax Review case, the plaintiff specified a Thursday return date rather than the Tuesday return date in its summons as is required by General Statutes § 52-48(a). In response to the defendant's motion to dismiss, the plaintiff filed a motion to amend after the return date had passed seeking to amend the summons. The Appellate Court has upheld the trial court in dismissing the action for lack of subject matter jurisdiction reasoning that "once the return date for return has passed, there is nothing before the court that can be amended." Id., 797. CT Page 6797
Since Concept Assoc. Ltd. is on appeal and since the plaintiff can apparently bring a new action under General Statutes § 52-592 (accidental failure of suit statute) and in the interest of judicial economy, the court will deny the motions to dismiss. This denial is without prejudice to the defendants' rights to move for reconsideration of this ruling once our Supreme Court has issued its ruling on the Concept Assoc. Ltd. appeal.
EDDIE RODRIGUEZ, JR., JUDGE