[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RESPONDENTS' MOTIONS TO DISMISS
Casper DeToledo and Gillespie Barndollar for plaintiff.
No appearance for defendant.
Despite the heading of this case, this is an administrative appeal by the petitioners, S.O.C. Corporation (a/k/a Specialists on Call, a/k/a Executive Information Support, a/k/a Data Management Resources) and William J. DeGruchy from a decision of the Commission on Human Rights and Opportunities (CHRO). The Commission found that the respondent, Dina Cipollaro, had been sexually harassed at her place of employment and constructively discharged and concluded that the petitioners were liable. Ms. Cipollaro was awarded back pay with interest, compensatory damages, attorney's fees, and costs.
The final order of the CHRO was mailed to the parties on September 2, 1993. The petitioners filed this administrative appeal on October 15, 1993. The petition was made returnable to the court on November 10, 1993.
Both the respondent, Dina Cipollaro, and the CHRO have filed motions to dismiss the action for lack of subject matter jurisdiction because of an incorrect return day. The return day designated in the petition, November 10, 1993, was a Wednesday. The respondents assert that General Statutes § 48(a) requires that process be returned to the court ". . . on any Tuesday in any month." The respondents assert that an improperly specified return date affects the court's jurisdiction and is not a circumstantial defect.
I.
At the time of oral argument in this matter, the apparent law concerning a defective return date had been summarized in two Appellate Court decisions: Danziger v. Shakanitis, 33 Conn. App. 6
(1993) and Concept Associates, Ltd. v. Board of Tax Review,31 Conn. App. 793 (1992), although counsel for the respondent had properly alerted the court that the Supreme Court had granted certiorari CT Page 810 in those cases.
Connecticut law concerning an improper return date, as interpreted by the Appellate Court at the time of oral argument, was stated in Concept Associates:
 "Statutory limitations . . . for the return of process implement the speedy determination of the issues involved. . . . Such time limitations on the enforcement of a right, created by statute and not existing at common law, [are] a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action. . . ." (Citations omitted; internal quotation marks omitted.) Bergin v. Bergin, 3 Conn. App. 566, 569, 490 A.2d 543 (1985). "[A]n improperly specified return date affects the court's jurisdiction. . . . [An] incorrect return date should not be viewed lightly. The defect of an improper return day is not a minor defect. Rather . . . an improper return day is a defect which could not be corrected at all until [General Statutes] 52-72 was enacted." (Citation omitted; internal quotation marks omitted.) Carlson v. Fisher, 18 Conn. App. 488, 495-96, 558 A.2d 1029 (1989). "`[I]t is the actual return of the writ to the court which really puts the action before the court and empowers the court to proceed. . . ." Arpaia v. Corrone, 18 Conn. App. 359, 541, 559 A.2d 719 (1989). Until such time as a proper return is made to the court, that court does not have jurisdiction to consider the matter. Even though a defendant in a civil action may consent to the jurisdiction of the court, that court will still not have the power to proceed with the action until a proper return of process is made to the court. Id.
Concept Associates, Ltd. v. Board of Tax Review, supra, 795-796.
These cases also held that because the court lacked jurisdiction to entertain such request, any request or attempt to amend the return day, filed after the date for return had passed, despite the language of General Statutes § 52-72, was not properly before the trial court and must fail. Danziger v. Shakanitis, supra, 11.
Since the time of oral argument in this matter, the Supreme Court in Concept Associates, Ltd. v. Board of Tax Review,229 Conn. 618 (1994) has overruled the Appellate Court. The Supreme Court asserted at page 623:
 [T]his court has stated that the purpose of § 52-72 "is to provide for amendment of otherwise incurable defects that go to the CT Page 811 court's jurisdiction." Hartford National Bank Trust Co. v. Tucker, 178 Conn. 472, 478-79, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 319 (1980). The apparent intent of the legislature in enacting § 52-72 was to prevent the loss of jurisdiction merely because of a defective return date.
 Section 52-72 does not contain a provision limiting its applicability to amendments that are sought before the passage of the correct return date. The defendants claim, however, that such a limitation is implicit in the words "a proper amendment" because there is no longer a case before the court once the return date has passed. Therefore, there is nothing to amend. We disagree with this strict construction. As remedial statute, § 52-72 must "`be liberally construed in favor of those whom the legislature intended to benefit. Hartford Fire Ins. Co. v. Brown, 164 Conn. 497, 503, 325 A.2d 228 (1973). Hinchliffe v. American Motors Corporation, [184 Conn. 607, 615 n. 4, 436 A.2d 1259 (1981)." Chrysler Corporation v. Maiocco, 209 Conn. 579, 595-96, 552 A.2d 1207 (1989). Indeed, as Professor Edward L. Stephenson points out, statutes such as § 52-72 were intended to take the sharp edges off the common law: "Over-technical formal requirements have ever been a problem of the common law, leading [the legislature] at periodic intervals to enact statutes . . . which, in substance, told the courts to be reasonable in their search for technical perfection." 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 35, p. 137.
Addressing the claim that even if § 52-72 permits the amendment of process after the return date has passed, the statute applies only if a motion to amend or an opposing party's motion to dismiss is filed before the return date, the court rejected such a narrow interpretation and held:
 In sum, we reject the defendants' claim that an amendment to correct a defective return date is "proper" under 52-72 only if it is sought before the return date has passed. We therefore reverse the judgment of the Appellate Court and remand the case to the trial court. Furthermore, because the defendants do not claim that the plaintiff's motion to amend was improper in any other respect or that it prejudiced them, and because we conclude that the language "[a]ny court shall allow a proper amendment to civil process which has been made returnable to the wrong return day" is mandatory rather than directory, we CT Page 812 direct the trial court on remand to grant the plaintiff's motion to amend. Id., 625-626.
II.
The respondent Cipollaro argues that Concept Associates, Ltd.v. Board of Tax Review, 229 Conn. 618, is not controlling in the present matter because Concept Associates involved a construction of the tax review statutes, which specifically provide procedures regarding service and return of process — General Statutes § 12-117a, while Danziger concerned a negligence action, involving General Statutes §§ 52-48 and 52-72.
By contrast, the respondent urges that the statute at issue here, § 4-183(c) of the Uniform Administrative Appeals Act, implicated well-established principles concerning the bringing of administrative appeals.
The respondent cites Plasil v. Tableman, 223 Conn. 68,612 A.2d 763 (1992) and Bridgeport v. Debek, 210 Conn. 175, 178, A.2d 728 (1989) for the proposition that: "Our precedents make it abundantly clear that, except in the special circumstances of administrative appeals, defects in process do not deprive a court of subject matter jurisdiction . . . ." Plasil, supra, 78. (Emphasis supplied).
However, the Supreme Court has held in Brunswick v.Inland Wetlands Commission, 222 Conn. 541, 610 A.2d 1260
(1992), that because the writs used to commence civil actions are analogous to the citations used to commence administrative appeals, there is no basis for concluding that a defect in a citation should implicate subject matter jurisdiction while not so implicating subject matter jurisdiction in a civil writ. Therefore, the Court concluded an improperly executed writ or citation does not affect the subject matter jurisdiction of the trial court.
In Tolly v. Department of Human Resources, 225 Conn. 13,621 A.2d 719 (1993), the Court examined General Statutes § 4-183
and the effect of its extensive amendment in 1988 by the Legislature. Although the Court was addressing the failure of process served by mail notice to include specific language directing the defendant to appear on or before the second day after the return day, the court's conclusions are equally applicable to a defect such as is claimed in this case. The court concluded that CT Page 813 subject matter jurisdiction under § 4-183(c) is affected only if there is a total failure to serve the agency involved within 45 days. The court stated:
 The conclusion that the subject matter jurisdiction of the court is implicated only if there is a total failure to serve the agency within the statutory forty-five day period, and not if there is merely a defect in the document timely served on the agency is also consistent with our established jurisprudence regarding subject matter jurisdiction. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. LeConche v. Elligers, 215 Conn. 701, 709, 579 A.2d 1 (1990), quoting Shea v. First Federal Savings Loan Assn. of New Haven 184 Conn. 285, 288, 439 A.2d 997 (1981)." (Internal quotation marks omitted.) Lauer v. Zoning Commission, 220 Conn. 455, 460, 600 A.2d 310 (1991). The determination of whether a statutory requirement implicates the subject matter jurisdiction of the court "must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." (Internal quotation marks omitted.) Id. That presumption counsels that . . . we construe the subject matter jurisdictional implications of 4-183(c) narrowly. See Brunswick v. Inland Wetlands Commission, supra (improperly executed citation does not affect subject matter jurisdiction of court).
 The legislative history of No. 88-317 of the 1988 Public Acts supports this interpretation. That history reflects a general intent to modify the prior law so as to simplify and make more fair the process of appealing an agency decision under the UAPA. Id., 29-30.
This court therefore concludes that the holding of the Supreme Court in Concept Associates, Ltd., supra, that process made returnable to the wrong return day is amendable even after the return day has passed and after a motion to dismiss has been filed is equally applicable to administrative appeals taken under § 4-183.
The Motions to Dismiss are denied.