[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a motion to dismiss filed by the defendants Northeast Utilities and Connecticut Light and Power Company.
This motion rests on a claim that the court has no jurisdiction over this case. Here the summons attached to the amended complaint has no return date although the process is dated July 1, 1994. The motion to dismiss was filed more than two months after the date of process.
Section 52-45a provides that:
 "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties. The court to which it is returnable, the return day and the date and place for filing an appearance."
Section 52-48 provides that "process in civil actions . . . brought to the superior court may be made returnable on any Tuesday . . . and "all process shall be made returnable not later than two months after the date of the process . . . ."
To avoid the somewhat draconian results that the courts have attached for failure to comply with these statutory requirements even when no actual prejudice is CT Page 693 shown, cf Concept Associates v. Board of Tax Review,31 Conn. App. 793 (1993), Section 52-72 allows a party to move to amend a civil process "which has been made returnable to the wrong return day or is for any other reason defective." The plaintiff did not seek to amend the complaint pursuant to the statute, however, and since over two months have passed since the date of process the plaintiff can no longer take advantage of § 52-72. Section 52-123 is of no help to the plaintiff because its operation has been limited to defects in the text of the writ but not to defects in the service or return of process, Rogozonski v.American Food Service Equipment, 211 Conn. 431, 435 (1989).
The plaintiff also argues that these defendants were brought into an existing lawsuit pursuant to a motion to cite in additional parties and therefore §§ 52-45a and 52-48
don't apply since they only apply to the commencement of civil actions. The plaintiffs cite no authority for this proposition. Section PB § 100 talks of new parties "being added and summoned" into a case. There is no reason to think that such parties aren't entitled to the requirements of §§ 52-45a and 52-48 which are based on common law notions of adequate and proper notice to parties who are being sued.
Also the fact that the plaintiff didn't receive from the clerk's office the delineation of service, return and appearance dates set out by the judge when she granted the motion to cite in doesn't affect the jurisdictional question before the court. Counsel should have contacted the court; in any event, service was made without any return date at all and as the defendant points out, the plaintiff could have prepared the summons with an appropriate return date or initiated a separate action.
The plaintiff further argues that no actual prejudice was done here. However, statutory requirements and limitations for the return of process are part of any right and have to be met to provide a court with jurisdiction,Concepts Associates v. Board of Tax Review,31 Conn. App. at 795-796.
The motion to dismiss is granted.
Corradino, J. CT Page 694