[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Robert H. Kozek, is the administrator of the Estate of Charles Satti. On July 1, 1998, the Probate Court,McNamara, J., granted the plaintiff's motion for appeal from probate to this court. The plaintiff appeals a May 4, 1998 decision of the Probate Court which dismissed his application to retain an attorney and for legal fees to defend an appeal filed by the defendants.[1] The plaintiff asserts that he is aggrieved by the Probate Court's order because it "compromises CT Page 1355 his ability to retain the services of an attorney in order to defend the appeal and in particular to defend the order and decree [of the Probate Court] on January 3, 1997." See Motion for Appeal ¶ 10.
Pursuant to his statutory rights under General Statutes §45a-186, and in compliance with the time limitations under §45a-187, on May 26, 1998, the plaintiff filed a motion for appeal in the Probate Court. The motion for appeal had a defective return date, in that it was set for May 21, 1998, a date that had already passed.[2] On July 1, 1998, the Probate Court issued a decree allowing the plaintiff's motion for appeal. On July 24, 1998, the plaintiff effectuated service of process on twelve individuals who were required to receive notice of the appeal pursuant to the Probate Court's decree.[3] The plaintiff filed the Motion for Appeal from Probate with this court on July 28, 1998. On August 7, 1998, the plaintiff returned process to this court, along with his Reasons for Appeal and Bond.
On September 4, 1998, the clerk entered default judgment as to the defendants Eleanor Butler, Donna Nielsen, Anna Meuse, Mary Street, Ralph Curtis, Roger Panciera, Charles Curtin, Francis Garufy, Margaret Curtin and Peter Rotella. On September 4, 1998, Attorney Michael Satti entered an appearance for defendant C. Robert Satti,[4] and, on September 8, 1998. Attorney Peter Rotella entered an appearance for defendant C. John Satti, Jr.
The defendants, C. Robert Satti and C. John Satti, Jr. (hereinafter the "defendants"), on September 23, 1998, each filed separate, but identical, motions to dismiss the plaintiff's appeal. The defendants both assert that this court is without jurisdiction to hear the appeal because the plaintiff failed to comply with the process requirements set forth in General Statutes §§ 52-46 and 52-46a. The plaintiff filed separate, but identical, objections to each of the defendants' motions on October 15, 1998. The defendant C. Robert Satti filed a reply memorandum on October 28, 1998. The court heard oral argument at short calendar on October 19, 1998.
"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court . . . If a motion to dismiss is granted, the case is terminated save for an appeal of that ruling." (Citations omitted; emphasis in original.) Baskin's Appeal from Probate,
CT Page 1356194 Conn. 635, 640, 484 A.2d 934 (1984). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water PollutionControl Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 10-31 (formerly Practice Book § 143). "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over theperson." (Emphasis in original; internal quotation marks omitted." Bridgeport v. Debek, 210 Conn. 175, 179, 554 A.2d 728
(1989).
The defendants move to dismiss the plaintiff's appeal from probate on the ground that the court is without jurisdiction to hear the appeal because: (1) they were not served with process at least twelve days before the return date pursuant to General Statutes § 52-46;[5] and (2) the plaintiff failed to return process to the clerk of the Superior Court at least six days before the return date pursuant to General Statutes §52-46a.[6] The plaintiff argues in response, however, that it was impossible for him to effectuate service and return of process before the return date of May 21, 1998, because that date had already passed at the time of filing his motion for appeal. In addition, the plaintiff argues that because it was the fault or neglect of the Probate Court for failing to set an appropriate return date, he should not be denied his statutory remedy of appeal from probate.
"The Superior Court is without jurisdiction to entertain an appeal from probate unless the appeal complies with the conditions designated by statute as essential to the exercise of this power . . . [T]he requirement of General Statutes §52-46a, which states that process in civil actions returnable to the Superior Court must be returned at least six days before the return day, must be satisfied . . . Such time limitations on the enforcement of a right, created by statute and not existing at common law, [are] a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action . . ." (Citations omitted; internal quotation marks omitted.) Bergin v. Bergin, 3 Conn. App. 566, 568-69,490 A.2d 543 (1985), cert. denied, 196 Conn. 806, 494 A.2d 904 (1985). CT Page 1357
As a preliminary matter, the court recognizes that the plaintiff is correct in asserting that it was impossible for him to return and serve process before the return date in the present case. The return date for the motion for appeal was set for May 21, 1998. However, the motion for appeal was not filed until May 26, 1998 (five days after the return date), and the probate court did not allow the appeal until July 1, 1998. The defendants were each served on July 24, 1998, and the plaintiff returned process to this court on August 7, 1998. It is readily apparent that it was impossible for the plaintiff to serve and return process before the return date when that date had already passed at the time the probate court allowed the appeal. The plaintiff claims that the probate court should have corrected the defective return date. The plaintiff's argument is without merit.
Pursuant to General Statutes § 52-48 (a), "[p]rocess in civil actions . . . brought to the superior court may be made returnable on any Tuesday in any month." In moving for an appeal from probate, the plaintiff-appellant is responsible for designating an appropriate return date in its motion. See Practice Book Form 1004.7 ("[w]herefore the subscriber moves an appeal and does hereby appeal from the order and decree to the Superior Court for the judicial district of ___ to be held at ___ on [return day]"); see also Kucej v. Kucej, 34 Conn. App. 579,584, 642 A.2d 81 (1994) (stating probate court did not decree specific return date and "plaintiff was free to set the return date"); R. Folsom, Connecticut Estates Practice: Probate Litigation (1992) § 7:5, p. 262 ("The motion for appeal should and ordinarily does specify the date to which the appeal is returnable in the Superior Court"). "If the motion for appeal specifies a return day not permissible under the statutes, the decree allowing the appeal should make it returnable to a proper day." R. Folsom, supra, § 7:5, citing State ex rel. Rowlandv. Smith, 91 Conn. 110, 99 A. 555 (1916); Weidlich v. Comley,18 Conn. Sup. 479 (1953).
In State ex rel. Rowland v. Smith, 91 Conn. 110, 99 A. 555
(1916), the Probate Court allowed the plaintiff's motion for appeal, but refused to amend the incorrect return date as designated by the plaintiff in his motion. The plaintiff set a return date for the fourth Tuesday in September, when process should have been made returnable on the first Tuesday of any month (except July and August). In examining the probate judge's refusal to allow amendment to the return date, the court stated, "[i]t is the judge's duty to make the process returnable to CT Page 1358 one . . . of the proper return days." State ex rel. Rowland v.Smith, supra, 91 Conn. 113. The court concluded that "[t]he fact that the plaintiff's attorney prepared the papers does not excuse the [probate judge] in refusing to correct the record when hisattention was called to the error and a request made that hecorrect it." (Emphasis added.) Id. The court, therefore, found it dispositive that the plaintiff actively brought the error to the probate judge's attention. Id.
In Weidlich v. Comley, 18 Conn. Sup. 479 (1953), the Probate Court allowed the plaintiff's motion for appeal in which the plaintiff set a return date for the first Tuesday of September. The defendant pled in abatement (moved to dismiss) on the ground that the appeal should have been made returnable to the first Tuesday of either June or July. The court noted that the return day was incorrectly set forth in the plaintiff's motion for appeal. The court cited to State ex rel. Rowland v. Smith, supra,
for the proposition that "it is the duty of the judge of probate to make the process returnable on a proper return day." Weidlichv. Comley, supra, 18 Conn. Sup. 481. In dismissing the plaintiff's appeal, however, the Court distinguished its case from State ex rel. Rowland v. Smith on the ground that the plaintiff in Weidlich v. Comley "did not detect the defect in time to request the judge of probate to correct the process soon enough so that it could be returned to the court on a permissible return day." Id.
In the present case, the plaintiff contends that the return date was set by the Probate Court,[7] while the defendant asserts that the plaintiff requested that date. An analysis and review of Practice Book, case law and treatises, compels this court to conclude it is the plaintiff, not the Probate Court, who is responsible for setting an appropriate return date in accordance with General Statutes § 52-48. See State ex rel.Rowland v. Smith, supra, 91 Conn. 113; Weidlich v. Comley, supra,18 Conn. Sup. 481; Practice Book Form 1004.7; R. Folsom, supra,
§§ 7:5, 7:6. Upon notice of a defective return date, it is the plaintiff's responsibility to bring such a defect to the Probate Court's attention and request a correction. See State ex rel.Rowland v. Smith, supra, 91 Conn. 113; Weidlich v. Comley, supra,18 Conn. Sup. 481; see also General Statutes § 45a-189 ("[i]n the event of any defect in the form of an appeal taken under the provisions of section 45a-186 . . . [an aggrieved person] may obtain from the court of probate an amendment . . . correcting the defect"). The dispositive issue in both State ex rel. Rowland
CT Page 1359v. Smith, and Weidlich v. Comley, was whether the plaintiff notified the probate court judge of the defective return date.
The situation in the present case is very similar to that of the plaintiff in Weidlich v. Comley, wherein the plaintiff failed to timely apprise the Probate Court of the defective return date. If the defect was properly brought to the Probate Court's attention, the Probate Court would have been obliged to make an appropriate correction. See State ex rel. Rowland v. Smith,
supra, 91 Conn. 113; General Statutes § 45a-189. Since the plaintiff's failure to do so, this court has no discretion but to grant the motion to dismiss.
While the plaintiff does not request this court for permission to amend the return date, the defendant argues that the availability of amendment cannot be a ground to deny the motion to dismiss.
Where appropriate, the trial court is empowered to allow a plaintiff's amendment of a defective return date in lieu of granting a defendant's motion to dismiss. See, e.g., Crissey v.The Stop Shop Supermarket Co., Superior Court, judicial district of Danbury, Docket No. 324998 (May 8, 1997) (Stodolink, J.) (19 CONN. L. RPTR. 406) (declining to dismiss action based on defective return date, and allowing, amendment under §52-72); Empire Mortgage L.P. v. Sinotte, Superior Court, judicial district of Waterbury, Docket No. 130113 (September 27, 1996) (Kulawis, J.) (allowing a proper amendment to civil process made returnable to wrong day); Federal Deposit Ins. Corp. v.Jamlane, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 505857 (May 19, 1992) (Hammer, J.) (granting plaintiff's request to amend return date in lieu of granting motion to dismiss).
"It is true that an improperly specified return date affects the court's jurisdiction . . . The defect of an improper return day is not a minor defect. Rather . . . an improper return day is a defect which could not be corrected at all until General Statutes § 52-72 was enacted." (Citations omitted; internal quotation marks omitted.) Carlson v. Fisher, 18 Conn. App. 488,495-96, 558 A.2d 1029 (1989). General Statutes § 52-72 (a) provides: "Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement." CT Page 1360
The Connecticut Supreme Court has rejected the notion that a plaintiff must seek amendment under § 52-72 only at a time when the correct return date had not yet passed. See ConceptAssociates Ltd. v. Board of Tax Review, 229 Conn. 618, 625,642 A.2d 1186 (1994). In Concept Associates. Ltd. v. Board of TaxReview, the plaintiff incorrectly set a return date for Thursday, May 28, 1992. The correct return date should have been Tuesday, May 26, 1992, in accordance with General Statutes § 52-48. The defendant moved to dismiss the appeal because of the defective return date. On July 2, 1992, the plaintiff filed a motion to amend pursuant to § 52-72. The Appellate Court affirmed the trial court's dismissal of the appeal on the ground that "once the [correct] date for return has passed there is nothing before the court that can be amended." ConceptAssociates, Ltd. v. Board of Tax Review, 31 Conn. App. 793,627 A.2d 471, rev'd, 229 Conn. 618, 642 A.2d 1186 (1994). After granting certiorari, the Supreme Court reversed the Appellate Court, and held that a motion for amendment pursuant to §52-72 need not be brought before the correct return date has passed. Concept Associates, Ltd. v. Board of Tax Review,supra, 229 Conn. 625.
However, a trial court cannot make an amendment to a defective return date when such an amendment would exceed the two-month limit set forth in General Statutes § 52-48 (b). See Coppola v. Coppola, 243 Conn. 657, 666-67, 707 A.2d 281
(1998). "[A] return date may be amended but it still must comply with the time limitations set forth in § 52-48 (b). Section 52-48 (b) requires that [a]ll process shall be made returnable not later than two months after the date of the process . . . Section 52-48 (b), therefore, with its two month limit, circumscribes the extent to which a return date may be amended." (Internal quotation marks omitted.) Coppola v. Coppola, supra,243 Conn. 666-67.
In the present case, process was made returnable for May 21, 1998, and the date of process (date of decree allowing appeal from probate) was July 1, 1998. As the plaintiff could not possibly have complied with service and return of process before the return date, it is a defective return date. Pursuant to §52-72, this court could have allowed the plaintiff an opportunity to amend the return date, but is presently unable to do so because more than two months have passed since the date of process. See Coppola v. Coppola, supra, 243 Conn. 667.[8]
CT Page 1361 Indeed, the last possible day to which the plaintiff's return date could have been amended was September 1, 1998 (two months following the July 1, 1998 date of process).
The court concludes that the plaintiff, not the Probate Court, was responsible for selecting an appropriate return date. Further, the plaintiff should have requested the Probate Court for an opportunity to amend the return date so as to make service and return of process pursuant to §§ 52-46 and 52-46a
possible. In light of the plaintiff's failure to do so, process was not properly served and returned before the return date. Finally, the court at this time cannot allow amendment to the return date under § 52-72 as more than two months has passed since the date of process.
For the reasons given, the motions to dismiss is granted.
_________________ Mihalakos, J.