[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO DISMISS
This is a personal injury action stemming from a motor vehicle collision between Ms. Gabriele and Mr. Wisharp on December 7, 1999. Unbeknownst to the plaintiff, Mr. Wisharp died on January 24, 2001. The original writ, summons and complaint, with a return date of March 12, 2002, was left at Mr. Wisharp's place of abode by a Connecticut State Marshall, on December 19, 2001. Evidence was not presented as to the date the writ was placed in the hands of the Marshall. Mr. Wisharp's widow, and who is also the administratrix of his estate, received service.
Defense counsel filed this Motion to Dismiss on May 9, 2002, challenging this court's jurisdiction on three grounds:
1) The defendant died eleven months prior to this action; therefore, "the plaintiff's action is currently against nobody." (Defendant's Memorandum, p. 3).
2) The Return Date is more than 2 months after the Date of Process.
3) The action is barred by the Statute of Limitations.
The plaintiff, through Memorandum of Law and by Affidavit, responds that she was never informed of Mr. Wisharp's death; that the late Return Date was requested by an insurance adjuster during settlement negotiations; that the date the writ, summons and complaint were placed in the Marshall's hands has not been established; and that the Statute of Limitations should be pled as a special defense and does not provide basis for dismissal of the action.
Discussion
The court will address each issue propounded by the defendant: CT Page 11877
1) While defense counsel argues that there was no "defendant" against whom to file suit, the application of Connecticut General Statute §52-599 is not discussed by either party. Connecticut General Statute § 52-599 states:
 (a) A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person.
The statute also provides that the plaintiff has one year after receiving written notice of the defendant's death to substitute the decedent's administratrix as a party.
Here, despite conversations with the insurance adjuster prior to the service of the complaint, the plaintiff was not informed of the death of Mr. Wisharp. She is still within the one year period to substitute the administratrix as party defendant. Because the implication of this statute was not explored by either counsel, the court declines to rule on this ground for dismissal.
2) According to Connecticut General Statute § 52-48b, "All process shall be made returnable not later than two months after the date of the process and shall designate the place where court is to be held." Here, the return date was almost three months from the date of process, in violation of the provisions of § 52-48b. Moreover, the actual return of service was March 5, 2002, well beyond the statutory mandate. An improperly specified return date affects the court's jurisdiction and is not a minor defect. Carlson v. Fisher, 18 Conn. App. 488, 495-96,558 A.2d 1029 (1989). The plaintiff argues that the return date was determined by mutual agreement of the parties. Even if the defendant consents to the court's jurisdiction, however, the court does not have power to proceed in an action without proper return of service. ConceptAssociates, LTD v. Board of Tax Review, 31 Conn. App. 793, 796,627 A.2d 471 (1993). Because the return date failed to comply with Connecticut General Statutes § 52-48b the court does not have subject matter jurisdiction over this matter.
3) The court has insufficient evidence on which to base a ruling on the Statute of Limitations.
In accordance with the reasons articulated above, this action is dismissed.
 _________________ WOLVEN, JUDGE
CT Page 11878