[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
These two negligence actions arise out of an accident which occurred on September 11, 1987 when an aircraft being operated by the defendant Michael Tracy crashed in Long Island Sound. A passenger on the aircraft, Paul Tracy, Jr., drowned following the accident. Both actions have been brought by Paul Tracy, Administrator of the Estate of Paul Tracy, Jr., seeking damages for the death of the decedent. Named as defendants in one case are the pilot Michael Tracy and Charisma Aviation, alleged to be the lessee of the aircraft. In the second case the named defendants are Seal Land And Air Management and William Burges, both alleged to be the lessors of the aircraft.
Before the court are two identical motions for "partial summary judgment" filed by all defendants in both cases. The motions are called motions for partial summary judgment by the. movants because the motions are directed at only one of many allegations of negligence contained in one count. The allegation of negligence as to which partial summary judgment is asked concerns an alleged violation of Federal Aviation Regulation Part 135 "in the event that the aircraft was chartered." Other allegations of negligence in the same count to which the motions for summary judgment are not directed include various claims of common law negligence and a violation of Federal Aviation CT Page 284 Regulations Part 91 "in the event the aircraft was rented." The significance of the two Federal Aviation Regulations is that Part 135 applies to charted aircraft and requires that the aircraft be equipped with life preservers, while Part 91 applies to rented aircraft and does not require that the aircraft be equipped with life preservers. It is alleged that there were no life preservers on board the aircraft.
The basis of the motions for partial judgment is that there is no genuine issue of material fact concerning the claim that the aircraft was chartered, that therefore Part 135 is not relevant, and that summary judgment should enter as to the Part 135 claim. In support of this claim the defendants have filed extensive documentary material in an effort to show that the aircraft was not chartered and that there is no issue of fact with respect to that matter. The plaintiff argues that there is an issue of material fact concerning whether the aircraft was chartered and has offered documentary material in support of this position.
A procedural issue raised by the court is whether the rules of practice concerning summary judgments allow for "partial summary judgments," as that term is being used in this case. The issue is whether a party can select one claim of negligence out of many claims of negligence made in a single count and obtain a summary judgment on that one claim. Subsequent to hearing argument from counsel on the merits of the motions, the court raised the procedural issue and thereafter the movants filed a supplementary memorandum on this issue and the court heard argument on it.
Sections 378-336 of the Practice Book set forth the procedures concerning summary judgments. Section 385 does allow a plaintiff to obtain an interlocutory summary judgment as to liability alone. Section 386 allows a plaintiff to obtain a judgment as to part of the claim when that part of the claim is admitted or the defense does not apply to part of the claim. However, there is no rule which allows a defendant to obtain summary judgment as to one or more, but not all, of the claims of negligence made in a single count, which is what the defendants are attempting to do here.
The federal court does have a specific rule, Section 56(d) which provides for partial summary judgment. That rule allows a pretrial adjudication that certain issues shall be deemed CT Page 285 established for the trial of the case. Section 56(d) is specifically designed to do exactly what the defendants are seeking by the instant motions.
Counsel has called the attention of the court to four Superior Court decisions that have dealt with this issue. Cocca v. Pocesta, 2 Conn. L. Rptr. 69 (July 13, 1990); Niper v. Johnston, 6 Conn. L. Rptr. No. 4, p. 112 (March 30, 1992); Schofield v. Bic Corporation, 3 Conn. L. Rptr. 229 (January 31, 1991); Dunham v. Cigna Insurance Company, 3 Conn. L. Rptr. 819
(April 5, 1991). There is a split of authority on this issue with the courts in Cocca and Niper granting motions for partial summary judgment, and in Schofield and Dunham concluding that the rules do not allow such a procedure.
It should be noted that in Cocca, Judge Barnett was dealing with several counts which each contained both a claim by a parent for medical and hospital expenses incurred on behalf of a child and a claim for emotional distress, and other counts by the parent which combined the claim for medical and hospital expenses with a claim for loss of consortium because of the injuries sustained by the child. Judge Barnett properly concluded that under the undisputed facts of the case the parents had no valid claim for emotional distress and that in Connecticut a parent has no valid claim for loss of consortium with respect to a child. The court then granted partial summary judgment as to those two claims in the various counts. In the opinion of this court the plaintiff in Cocca had improperly joined these claims in the same counts seeking reimbursement of medical and hospital expenses and should have been required to allege the different claims in different counts. Summary judgment as to any count or counts alleging solely emotional distress or loss of consortium then would have been proper. What the court did in Cocca was to remove from several counts a complete legal theory seeking entirely different damages than those claimed by virtue of the remaining legal theory without requiring the separation of the various theories into different counts. The court in Cocca did not discuss in any detail whether the rules allowed a partial summary judgment. In Niper the court merely indicated in a footnote that it agreed with Judge Barnett.
In Schofield, Judge Fuller was dealing with a motion for summary judgment as to several, but not all, of the allegations of negligence in various counts, which is analogous to the cases at bar. Judge Fuller engaged in a comprehensive analysis of the CT Page 286 issue of the authority of the court to enter partial summary judgments and concluded that the rules do not provide for such a procedure. In Dunham, Judge Hennessey agreed with Judge Fuller.
This court agrees with the reasoning of Judge Fuller in Schofield. While there is some merit to having a procedure which would allow for partial summary judgments, the rules of practice do not now provide for such a procedure.
Accordingly, for the reasons above stated, and not on the merits, the motions for partial summary judgment filed in each case are denied.
William L. Hadden, Jr., Judge