STEWART S. DANZIGER ET AL. *v.* IDA J. SHAKNAITIS
(12009)

LANDAU, HEIMAN and SCHALLER, Js.

Argued September 20—decision released November 2, 1993

*Albert Carocci,* for the appellant (plaintiff Rita Johnson).

*John H. Hanks,* for the appellee (defendant).

*Averum J. Sprecher* filed a brief as amicus curiae.

LANDAU, J. In this action in negligence, the plaintiff Rita Johnson appeals from the judgment rendered against her following (1) the granting of the defendant's motion for summary judgment as to Johnson, and (2) the denial of Johnson's motion for summary judgment.[1] The principal issue on appeal is whether an amended complaint, served after the return date of the original writ of summons attached to the complaint and changing the return date from an improper day to an appropriate day, relates back to the date of original service so as to survive a motion for summary judgment under General Statutes § 52-584.[2]

---

[1] The trial court's decision, on January 22, 1992, did not address the merits of the plaintiff Rita Johnson's motion for summary judgment, finding no authority in Practice Book § 379 for a party to move for summary judgment as to a special defense. Without commenting on the trial court's reasoning, we recognize that the trial court's decision granting the defendant's motion for summary judgment based on the claim of statute of limitations effectively denied Johnson's motion for summary judgment and we will treat it as such. See *Plouffe* v. *New York, N.H. & H.R. Co.,* 160 Conn. 482, 487, 280 A.2d 359 (1971). At oral argument, both parties conceded that the trial court's decision granting the defendant's motion for summary judgment encompassed a denial of Johnson's motion for summary judgment.

[2] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been

The following facts are relevant to this appeal. Johnson sustained personal injuries on April 21, 1989, while a passenger in a vehicle operated by Danziger. Danziger's car was involved in a collision with a car operated by the defendant, Ida J. Shaknaitis. The writ of summons and the complaint were personally served on the defendant on April 17, 1991, and were returned to the court prior to the return date. The documents were given a return day of *Wednesday, May 8, 1991.* On May 28, 1991, the defendant filed a timely motion to dismiss the action[3] claiming that the plaintiffs' use of a Wednesday for a return day violated General Statutes § 52-48[4] which requires that the return day be a Tuesday.[5] On May 31, 1991, the defendant was served with amended mesne process that was filed with the Superior Court on June 3, 1991, together with "Plaintiffs' Request for Permission to Amend Writ, Summons and Complaint," and an objection to the defendant's motion to dismiss. The defendant did not object to the request for permission to amend and filed an answer to the amended complaint together with a special defense alleging that the plaintiffs' complaint was time

discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[3] An appearance was filed by the defendant on May 9, 1991.

[4] General Statutes § 52-48 provides in pertinent part: "(a) Process in civil actions, including transfers and applications for relief or removal, but not including summary process actions, brought to the superior court may be made returnable *on any Tuesday* in any month. . . ." (Emphasis added.)

[5] Within the defendant's motion to dismiss she argues that her "Motion to Dismiss should be granted unless plaintiffs amend the return day and reserve the defendant with the amended process." To the extent that defendant's argument encompasses a waiver claim, in light of our holding that the issue involves subject matter jurisdiction, that argument is inappropriate. " 'Subject matter jurisdiction is the power of the court to hear and determine cases . . . .' " *Ambroise* v. *William Raveis Real Estate, Inc.,* 226 Conn. 757, 764–65, 628 A.2d 1303 (1993). As such, "subject matter jurisdiction cannot be waived by the parties or by the court." Id., 767, citing *Castro* v. *Viera,* 207 Conn. 420, 429–30, 541 A.2d 1216 (1988).

barred by the applicable statute of limitations.[6] Johnson, in her reply, denied the special defense, and, by motion dated November 20, 1991, moved for summary judgment with respect to the defendant's special defense. Johnson's reply closed the pleadings as to her and the defendant filed a motion for summary judgment on the count applicable to Johnson claiming that the action was time barred. The pleadings remained open as to Danziger at that time.[7]

The standards governing our review of a trial court's decision on a motion for summary judgment are clear. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Lees* v. *Middlesex Ins. Co.,* 219 Conn. 644, 650, 594 A.2d 952 (1991); *Trotta* v. *Branford,* 26 Conn. App. 407, 409, 601 A.2d 1036 (1992). While the burden of showing the nonexistence of any material fact is on the party seeking summary judgment; see *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980); "the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Citations omitted; internal quotation marks omitted.) *Bassin* v. *Stamford,* 26 Conn. App. 534, 537, 602 A.2d 1044 (1992). "In deciding a motion for summary judgment, the trial court must view the evi-

---

[6] See footnote 3.

[7] On March 13, 1992, the named plaintiff, Stewart S. Danziger, filed a reply to the defendant's special defenses. Thereafter, the defendant filed a motion for summary judgment against Danziger based on the statute of limitations, and Danziger filed an objection. On June 23, 1992, the motion court, *Austin, J.,* denied that motion.

dence in the light most favorable to the nonmoving party." *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts. . . . *Trotta* v. *Branford,* supra, 410." (Internal quotation marks omitted.) *Cortes* v. *Cotton,* 31 Conn. App. 569, 573, 626 A.2d 788 (1993).

The plaintiff argues that General Statutes § 52-72[8] allows her to amend her process to reflect the correct return date. The defendant, on the other hand, argues that the plaintiff cannot amend her civil process because the return date had already passed at the time the request to amend had been filed in the trial court and, therefore, the court lacked subject matter jurisdiction.

"Statutory limitations . . . for the return of process implement the speedy determination of the issues involved. . . . Such time limitations on the enforcement of a right, created by statute and not existing at common law, [are] a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action. . . ." (Citations omitted; internal quotation marks omitted.) *Bergin* v. *Bergin,* 3 Conn. App. 566, 569, 490 A.2d 543, cert. denied, 196 Conn. 806, 494 A.2d 903 (1985). "[A]n improperly specified return date affects the court's jurisdiction. . . . [An] incorrect return date should not be viewed lightly. The defect of an improper return day is not a minor defect. Rather . . . an improper return day is a defect which could not be corrected at all until [General Statutes] § 52-72 was enacted." (Citation omitted; internal quotation

---

[8] General Statutes § 52-72 provides in pertinent part: "(a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement.

"(b) Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally proper in form. . . ."

marks omitted.) *Carlson* v. *Fisher,* 18 Conn. App. 488, 495–96, 558 A.2d 1029 (1989). " '[I]t is the actual return of the writ to the court which really puts the action before the court and empowers the court to proceed . . . .' " *Arpaia* v. *Corrone,* 18 Conn. App. 539, 541, 559 A.2d 719 (1989). Until such time as a proper return is made to the court, it lacks jurisdiction to consider the matter. Even though a defendant in a civil action may consent to the jurisdiction of the court, that court will still not have the power to proceed with the action until a proper return of process is made to the court. Id.

A review of *Carlson* v. *Fisher,* supra, appears initially to support the plaintiff's position. The *Carlson* court, upholding the trial court's denial of the defendant's motion to dismiss, recognized that § 52-72 allows for " 'a proper amendment to civil process which has been made returnable to the wrong return day . . . .' " Id., 495. In *Carlson,* however, the motion to dismiss was filed before the date for return had passed, and there was no indication whether the amendment was filed before or after the return day had passed. Here, the curative amendment was filed after the return date had passed and *Carlson,* therefore, is not controlling under the facts of this case.

By contrast, in *Arpaia* v. *Corrone,* supra, this court held that when the return of service is not timely, it is a defect that cannot be cured by amendment. The rationale is that once the date for return has passed, there is nothing before the court that can be amended. Id., 540–41. The same rationale applies here. The plaintiff's summons in this case failed to state a correct return date. Therefore, there was no proceeding before the trial court. The plaintiff's request[9] to amend the return day was filed after the date for return had

---

[9] The applicability of *Carlson* and *Arpaia,* both involving defense motions, is not affected by the fact that this case concerns a plaintiff's request.

passed. The plaintiff's request attempted to amend an action that was not properly before the trial court and must fail. *Concept Associates, Ltd.* v. *Board of Tax Review,* 31 Conn. App. 793, 627 A.2d 471, cert. granted, 227 Conn. 913, 632 A.2d 689 (1993).

The trial court's judgment rendered against Johnson for lack of subject matter jurisdiction was proper.

The judgment is affirmed.

In this opinion the other judges concurred.