[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On April 26, 1993, the plaintiff, DataCom Results, Inc., (DataCom) intervened in this action originally commenced by Robert Fries, President of DataCom, against Michael Castro. The intervening complaint alleges that Michael Castro tortiously interfered with DataCom's business by soliciting DataCom's clients and attempting to secure said clients for his own company with knowledge that this activity would result in a financial hardship to DataCom. On October 13, 1994, DataCom moved to Cite In two additional party defendants, Heublein, Inc. (Heublein) and Christopher Castro (Castro). Heublein appeared and filed a Motion to Dismiss on June 12, 1995. Castro appeared and filed a Motion to Dismiss on October 16, 1995. DataCom filed a memorandum in opposition to Heublein's motion to dismiss on October 13, 1995. Castro filed a substitute motion to dismiss on October 24, 1995 and a second substitute motion to dismiss on October 27, 1995. Both motions to dismiss for lack of subject matter jurisdiction assert that DataCom's failure to include a return date on the writ of summons rendered it fatally flawed. Alternatively, both motions assert that DataCom's failure to serve a signed Order is a violation of § 52-45a of the Connecticut General Statutes.
"A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss." Park City Hospital v.Commission Hospitals Health Care, 210 Conn. 697, 702,556 A.2d 602 (1989). "The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; CT Page 2689 (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985). "The moving party has the burden of proof on a motion to dismiss on failure to properly commence the action, and may either rely on the court record or introduce evidence at a hearing." Mills v. Conn.Light Power Company, Superior Court, Judicial District of Ansonia-Milford at Milford, Docket No. 030813 (December 5, 1990, Fuller, J.). Practice Book § 49 provides in pertinent part, "Mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint."
In Hillman v. Greenwich, 217 Conn. 520, 587 A.2d 99
(1991), the court held that, "A writ of summons is analogous to a citation in an administrative appeal . . . . it is an essential element to the validity of the jurisdiction of the court . . . . Although the writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book . . . . the plaintiff's complaint must contain the basic information and direction normally included in a writ of summons." (Citations omitted.) Id., 526. In Southern New England Telephone vs. Board of Tax Review,31 Conn. App. 155, 623 A.2d 1027 (1993), the court held that, "[a] proper citation, in accordance with General Statutes § 52-45a, is a document that, in addition to describing the parties, the court to which it is returnable, the return date and the date and place for filing an appearance, is signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable." Id., 162.
Here, the papers served on Heublein and Castro failed to include a return date.[1] In its memorandum of law in opposition, DataCom states, "On April 12, 1995, Sheriff Charles Fisher attempted to serve the Summons, Amended Complaint and Motion to Cite In on the Agent for Service of the cited-in Defendant, Heublein, . . . . He was prevented from doing so . . . . As a result of Heublein's actions, the Plaintiff was forced to request that the Court grant a new date for service, a new return date and a new appearance date for the cited-in Defendants. The Court did so, ordering that the Plaintiff make service by May 18, 1995, and that the Defendants appear by June 1, 1995." Memorandum in Opposition, CT Page 2690 p. 2.
While the court did supply new dates for the April 4th service, the return date was not included in the original May 11th service of process. In its memorandum in opposition, DataCom concedes that the writ of summons did not include a return date[2] but argues that Heublein could have ascertained the return Date from both the appearance date and the handwritten return Date on the Order included in this service. DataCom argues that, "[the] summons directed Heublein to appear on June 1, 1995. Pursuant to C.G.S. § 52-45a, a defendant must file an appearance within two days after the Return Date. This would indicate to Heublein that the Return Date was May 30, 1995. Further, the Return Date is indicated on the Court's Order, which was attached to the Summons and thus, Heublein could not claim to be unaware that the Return Date was May 30, 1995." Memorandum in Opposition, p. 5.
General Statutes § 52-45a provides in pertinent part, "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and thedate and place for the filing of an appearance." (Emphasis added.)
In Bridgeport v. Debek, 210 Conn. 175, 554 A.2d 728
(1989), the court held that, "[j]urisdiction over the person, jurisdiction over the subject matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court . . . . Facts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Internal quotation marks omitted.) Id., 179-80.
In Danzinger v. Shaknaitis, 33 Conn. App. 6,632 A.2d 1130 (1993), the court held, "[A]n improperly specified return date affects the court's jurisdiction . . . . [An] incorrect return date should not be viewed lightly. The defect of an improper return day is a defect which could not be corrected at all until [General Statutes] § 52-72 was enacted . . . [I]t is the actual return of the writ to the court which really puts the action before the court and empowers the court to proceed . . . . Until such time as a proper return is made to the court, it lacks jurisdiction to consider the CT Page 2691 matter." (Citation omitted; internal quotation marks omitted.) Id., 10.
The leading case which discusses the implication of defective return dates is Concept Associates, Ltd. v. Board ofTax Review, 229 Conn. 618, 642 A.2d 1186 (1994). The court, discussing § 52-72, observed that "it appears that the statute was enacted in response to decisions of this court holding that an improper return date was a jurisdictional defect that could not be corrected." Id., 623. The court further opined that, "[t]he apparent intent of the legislature in enacting §52-72 was to prevent the loss of jurisdiction merely because of a defective return date." Id. However, the court specifically rejected an opportunity to expand its holding to cases not involving § 52-72.[3]
Interpreting the application of the Concept Associates
holding to all cases involving defective return dates, the court in Shelansky v. Roivisto, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 533137 (February 27, 1995, Corradino, J.), held that, "[s]ection 52-72, however, was aimed at defects in the actual process and not at defects in service of process or failure to make proper return . . . But it is not every defect in the process, service of process or return which can be cured by amendment. Simply put, failure to comply with the requirements of Section 52-46a cannot be cured by an amendment to [the] civil process (§ 52-72) in this case because there is nothing defective in the writ, summons, and complaint but the problem lies in the fact that process wasn't properly returned to court. If the plaintiff's interpretation is adopted there is practically no limit short of due process considerations to a court's power to correct defects in service of process or failure to comply with rules on return of process. ConceptAssociates does say § 52-72 must be liberally interpreted but I don't think I can amend its language." (Citation omitted; internal quotation marks omitted.) Id.
Section 52-72 is not applicable where, as in the present case, the return date was not merely flawed but completely absent from the summons and complaint.
In Minor v. Town of Manchester, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 523280, (January 31, 1995, Corradino, J.), the court addressed CT Page 2692 a motion similar to the present motion to dismiss and held that failure to include a return date denied the court subject matter jurisdiction. "The plaintiff further argues that no actual prejudice was done here. However, statutory requirements and limitations for the return of process are part of any right and have to be met to provide a court with jurisdiction." Id., 693. Likewise, in Parks v. Department ofMotor Vehicles, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 705659 (February 22, 1995, O'Neill, J.), the court held that failure to include a return date is not a circumstantial defect and denies the court jurisdiction.
DataCom's failure to provide a return date on its summons and complaint denied this court subject matter jurisdiction. Accordingly, the defendants motion to dismiss based on the May 11 service of process is granted.
Hennessey, J.