[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Robert Coleman, a minor, and his mother, Tamboura Glenn, filed an eighteen-count revised complaint on July 22, 1996 for personal injuries sustained by the minor: plaintiff due to his exposure to lead-based paint. The plaintiffs allege, inter alia, that the minor plaintiff was injured from June 1991 through June 1992 while a tenant at 48 Edwards Street in New Haven, Connecticut, a dwelling owned by the defendants Alfonso Buono, Assunta Buono, Andrew Ferraro and Rafaella Ferraro.[1] As a result, the minor plaintiff sustained serious physical and neuropsychological damages, and his mother has expended and will incur expenses for medical, hospital, educational and vocational care.
The fifth and fourteenth counts allege that the defendants are strictly liable for the lead-based paint in violation of General Statutes §§ 47a-7 and 47a-8 and § 16-49 et seq. of CT Page 5370-K the New Haven Code of General Ordinances and the Lead-Based Paint Poisoning Prevention Act, 42 U.S.C. § 4822 et seq.
The eighth and seventeenth counts of the revised complaint allege that the defendants violated the Connecticut Unfair Trade Practices Act ("CUTPA") under General Statutes § 41-110 etseq. when they failed to inform the plaintiffs of the lead-based paint condition and then to abate the condition.
On May 13, 1996, the defendants filed a motion for summary judgment as to the fifth, eighth, fourteenth, and seventeenth counts of the plaintiffs' amended complaint dated July 18, 1995[2] and as to the plaintiffs' prayer for punitive damages on the grounds that as a matter of law, a landlord's violation of lead paint statutes does not create a cause of action under a strict liability theory and that the plaintiffs cannot establish a claim under CUTPA upon an allegation of a single unfair or deceptive act. The defendants have also filed a memorandum of law in support of their motion as required by Practice Book § 155.
The plaintiffs rely, in opposition to the defendants' motion for summary judgment, upon a memorandum of law that they filed on December 8, 1994 in opposition to two earlier motions for summary judgment filed by the defendants. In this memorandum, the plaintiffs argue that a motion to strike is the proper procedure in which to challenge the sufficiency of a CUTPA claim and that a single act suffices to establish a claim pursuant to CUTPA.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The test is whether a party would be entitled to a directed verdict on the same facts." Danziger v. Shaknaitis,33 Conn. App. 6, 10, 632 A.2d 1130 (1993), cert. granted on other grounds, 228 Conn. 914, 635 A.2d 846 (1994). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact[.]" Miller v.United Technologies Corp., 233 Conn. 732, 751-52, 660 A.2d 810
(1995).
In support of their motion for summary judgment as to counts CT Page 5370-L five and fourteen, the defendants argue that as a matter of law a landlord's violation of lead paint statutes does not create a cause of action under a strict liability theory. They cite Gorev. People's Savings Bank, 235 Conn. 360, 383, 665 A.2d 1341
(1995), where the court, in discussing General Statutes §§ 47a-7
and 47a-8, stated that "we are unpersuaded that the legislature intended to create a standard the violation of which establishes a landlord's strict liability for injuries sustained by a minor plaintiff due to exposure to lead-based paint."
In support of their motion for summary judgment as to the eighth and seventeenth counts, the defendants argue that the plaintiffs cannot establish a claim under CUTPA upon an allegation of a single unfair or deceptive act. They rely on Meadv. Burns, 199 Conn. 651, 664, 509 A.2d 11 (1986) for this proposition. They also point to the language of General Statutes § 42-110b(a), which refers to the plural "unfair methods of competition and unfair or deceptive acts or practices."
In opposition to the defendants' motion for summary judgment on counts eight and seventeen, the plaintiffs first argue the motion should not be heard because the proper vehicle by which to challenge the legal sufficiency of a CUTPA claim is by motion to strike, not a motion for summary judgment. They cite to Burke v.Avitable, 32 Conn. App. 765, 772, 630 A.2d 624, cert. denied,228 Conn. 908, 634 A.2d 297 (1993) for this proposition. Should the court consider the motion for summary judgment, the plaintiffs argue that a majority of the trial courts have held that the allegation of a single action is sufficient to support a CUTPA claim. They also allege that the defendants' behavior constituted more than one act in that they concealed the lead-based paint condition and failed to abate the hazard.
During oral argument on July 29, 1996, the plaintiffs conceded that they cannot allege an action in strict liability for violations of state and municipal lead paint statutes and ordinances, although they still assert that the defendants are strictly liable for any violation of the Lead-Based Paint Poisoning Prevention Act, 42 U.S.C. § 4822 et seq.
"The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues. Practice Book § 384."Burke v. Avitable, supra. The Supreme Court, however, stated that "[t]he proper way to have tested the legal sufficiency of the CT Page 5370-M complaint . . . after an answer had been filed [is] by motion for summary judgment. . . ." Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971). This court has previously permitted the use of a summary judgment motion to challenge the legal sufficiency of a counterclaim after an answer has been filed. See Ballou Contracting Co., Inc. v. Khodadoust, Docket No. 0348028, Superior Court, judicial district of New Haven at New Haven (December 8, 1995, Zoarski, J. 15 Conn. L. Rptr. 502) (court considered plaintiff's motion for summary judgment challenging the legal sufficiency of counterclaim, which was filed after amended answer). In the present case, the defendants already filed an answer on June 6, 1994 prior to filing their motion for summary judgment and thus, this court may properly consider the defendants' motion for summary judgment.
Count five of the plaintiffs' amended complaint alleges strict liability based on General Statutes §§ 47a-7 and 47a-8
and § 16-49 et seq. of the New Haven Code of General Ordinances. In a separate subparagraph, it also alleges strict liability "in that they rented out the premises containing paint which did not conform to federal standards as required in accordance with the Lead-Based Paint Poisoning Prevention Act (LBPPPA), 42 U.S.C. § 4822 et. seq." ¶ 13(a). As mentioned above, both parties agree that the plaintiffs cannot allege strict liability based on General Statutes §§ 47a-7 and47a-8 and § 16-49 et seq. of the New Haven Code of General Ordinances in light of Gore v. People's Savings Bank, 235 Conn. 360,665 A.2d 1341 (1995), where the court held that the legislature never intended to create strict liability for violation of §§ 47a-8 and 47a-54f. Thus only the federal claim remains at issue. The defendants do not attack the legal sufficiency of the federal cause of action in their motion or memorandum of law.
Practice Book § 386 provides "[i]f it appears that the defense applies to only part of the claim, or that any part is admitted, the moving party may have final judgment forthwith for so much of his claim as the defense does not apply to, or as is admitted, on such terms as may be just; and the action may be severed and proceeded with as respects the remainder of the claim."
While Practice Book § 386 authorizes severance of claims, there is a split of authority among the trial courts whether it CT Page 5370-N permits severance of allegations contained within a single count. Some courts permit it. See Cocca v. Pocesta, Docket No. 086470, Superior Court at Waterbury (July 13, 1990, Barnett, J.,2 Conn. L. Rptr. 69) (court grants partial summary judgment removing allegations pertaining to loss of consortium and emotional distress from specified counts); Niper v. Johnston, Docket No. 0256309, Superior Court at Bridgeport (February 28, 1992, Lewis, J., 6 Conn. L. Rptr. 112) (court grants summary judgment with respect to claim set forth in separate paragraph in specified counts); but see Dickey v. Collins, Docket No. 373030, Superior Court, Judicial district of New Haven at New Haven (December 26, 1995, Zoarski, J.) (court denies defendant's motion to strike the state statutory claims and leave the municipal and federal statutory claims because all claims are contained within the sameparagraph of the same count) (Emphasis added) and Tracy v.Charisma Aviation, Ltd., Docket No. 270725, Superior Court, judicial district of New Haven at New Haven (January 20, 1993, Hadden, J., 8 CSCR 283) (court holds that the rules of practice do not permit partial summary judgments).
Therefore, summary judgment is denied as to counts five and fourteen because the federal statutory claim is alleged in the same paragraph as the municipal and state statutory claims.
Counts eight and seventeen allege a violation of CUTPA. There is a split of authority among the trial courts as to whether an allegation of a single act is sufficient for a violation of CUTPA. This court has previously held that "in light of the majority of cases, recent commentary, and the remedial nature of CUTPA, a single act may constitute a CUTPA violation." BallouContracting Co., Inc. v. Khodadoust, supra. See Shaw v. MelvilleCorp., Docket No. 0066752, Superior Court, judicial district of Litchfield (May 16, 1995, Pickett, J.) and Valle v. Andrews,
Docket No. 0552111, Superior Court, judicial district of Hartford/New Britain at Hartford (March 9, 1996, Hennessey, J.). Accordingly, the defendants' motion for summary judgment as, to counts eight and seventeen is denied.
Howard F. Zoarski State Trial Referee