[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 11, 1996, the plaintiff, David Martin, filed a complaint sounding in negligence against the defendant, St. CT Page 9063 Raphael's Hospital. Also on September 11, 1996, the defendant was served with the writ, summons and complaint. The return date specified on the writ was November 12, 1996. On November 25, 1996, the defendant timely filed a motion to dismiss the complaint on the ground that the process failed to specify a return date within two months of the date of process in violation of General Statutes § 52-48 (b). On December 2, 1996, the plaintiff filed a "motion to amend complaint" pursuant to Practice Book § 175 and General Statutes § 52-72. He filed this motion with an amended writ, summons and complaint containing a revised return date of October 29, 1996.[1]
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4)insufficiency of process; and (5) insufficiency of service of process." (Emphasis added.) Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 143.
"Although the writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book . . . the plaintiff's complaint must contain the basic information and direction normally included in a writ of summons." (Internal quotation marks omitted.) Capers v. Lee,239 Conn. 265, 273-74 n. 11, 684 A.2d 696 (1996).
"Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over theperson." (Emphasis in original; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989).
It is true that "an improperly specified return date affects the court's jurisdiction" and "should not be viewed lightly."Danzinger v. Shaknaitis, 33 Conn. App. 6, 10, 632 A.2d 1130
(1993). General Statutes § 52-72 states in relevant part, however, that: "Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day." Subsection (b) requires that such "amended process . . . be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally in proper form." "The apparent intent of the legislature in enacting § 52-72 was to prevent the loss of jurisdiction CT Page 9064 merely because of a defective return date." Concept Associates,Ltd. v. Board of Tax Review, 229 Conn. 618, 623, 642 A.2d 1186
(1994). The court in Concept Associates held that General Statutes § 52-72 permits the amendment of an improper return date in civil process even after the return date has already passed. Id., 619.
In Midlantic National Bank v. Bridgeport Testing Labs, Inc.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 300641 (June 30, 1991, Ballen, J.) (8 C.S.C.R. 881), the court analyzed § 52-72 and case law interpreting the statute concluding that "a plaintiff may amend an improper return date to a date back in time so long as such an amendment does not violate . . . any . . . applicable statute." Id.
In the present case, the plaintiff's amended return date does not violate any statute. The amended complaint contains a return date of October 29, 1996. The original filing date was September 11, 1996. October 29, 1996 is a Tuesday within the two month time frame required by § 52-48 (b). As such, the plaintiff has cured the defect alleged by the defendant.
The defendant argues that the amended complaint, with an October 29, 1996 return date, is unfairly prejudicial. The prejudice arises, according to the defendant, because service of the amended process did not actually occur until 120 days following the amended return date. The defendant argues that this time frame is especially significant because of the 120 day rule for serving persons appropriate for apportionment of liability under General Statutes § 52-102b.[2] This argument is only hypothetical, however, since the defendant has not attempted to file an apportionment complaint. This court is not in position to entertain an argument regarding prejudice to the defendant where none currently exists.
Therefore since the plaintiff has cured the defect complained of, the defendant's motion to dismiss is denied.
Howard F. Zoarski Judge Trial Referee