[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue presented by the motion for summary judgment before the court is whether an automatic extension of time for the commencement of a dental malpractice action as to one health care provider, pursuant to General Statutes § 52-190a, extends the time to commence an action as to all defendant health care providers.[1] This court holds that it does.
The complaint alleges that on September 18, 1992, the plaintiff sought treatment from the defendant Jeffrey Hoos for a cracked molar. Dr. Hoos was a partner of the defendant, Dr. Johna Zitnay, who had treated the plaintiff in the past. The plaintiff claims that the defendants should have known that he was allergic to Lidocaine, which Dr. Hoos administered to the plaintiff on September 18, 1992. "Almost immediately thereafter," the plaintiff alleges, he "began experiencing an allergic reaction and asked what anesthetic had been administered. When told it was Lidocaine, he immediately left the office and returned home to be taken to the hospital."
On September 3, 1994, the plaintiff filed a petition with the clerk of this court for a ninety-day extension of the statute of limitations "to determine whether there are grounds for a good faith belief that there has been negligence in the petitioner's care or treatment by a health care provider, Jeffrey Hoos of Woodbridge, Connecticut, 06525 who rendered care and treatment to CT Page 3478 petitioner." (Emphasis added.) On December 16, 1994, the plaintiff commenced this action against Dr. Hoos and Dr. Zitnay.
Dr. Zitnay now has moved for summary judgment on the ground that the plaintiff's claim is barred by the statute of limitations, specifically General Statutes § 52-584. "Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' See Scrapchansky v. Plainfield,226 Conn. 446, 450, 627 A.2d 1329 (1993); Danziger v. Shaknaitis,33 Conn. App. 6, 9, 632 A.2d 1130 (1993). Although the burden of showing the nonexistence of any material fact is on the party seeking summary judgment, `the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . .' (Internal quotation marks omitted.) Danziger v. Shaknaitis, supra; Nardi v. AA ElectronicSecurity Engineering, Inc., 32 Conn. App. 205, 209, 628 A.2d 991
(1993); Cortes v. Cotton, 31 Conn. App. 569, 572-73,626 A.2d 1306 (1993). In deciding motions for summary judgment, the trial court is obligated to construe the evidence in the light most favorable to the nonmoving party. Scrapchansky v. Plainfield,supra; Nardi v. AA Electronic Security Engineering, Inc., supra. The test to be applied is whether a party would be entitled to a directed verdict on the same facts. Danziger v. Shaknaitis,supra, 10; Cortes v. Cotton, supra." Gabrielle v. Hospital of St.Raphael, 33 Conn. App. 378, 382-83, 635 A.2d 1232, cert. denied,228 Conn. 928, 640 A.2d 115 (1994).
General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . ."
The plaintiff does not dispute that his claim against Dr. Zitnay was brought beyond the time limit prescribed by § 52-584. See also Barnes v. Schlein, 192 Conn. 732, CT Page 3479473 A.2d 1221 (1984). The plaintiff nonetheless claims his action is timely because he filed a petition for an extension of the statute of limitations. The defendant Dr. Zitnay claims that that petition was filed with respect to Dr. Hoos only and that the extension of time applies only to Dr. Hoos. This calls for an interpretation of the statute.
"The process of statutory interpretation involves a reasoned search for the intention of the legislature. Frillici v.Westport, 231 Conn. 418, 431, 650 A.2d 557 (1994). In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." United Illuminating Co. v. New Haven,240 Conn. 422, 431, 692 A.2d 742 (1997).
"First, we look to the words of the statute in order to discern the intent of the legislature and then resolve any ambiguity by turning for guidance to the legislative history and purpose." Westport Taxi Service v. Westport Transit District,235 Conn. 1, 39-40, 664 A.2d 719 (1995). Subsection (a) of General Statutes § 52-190a requires (1) that before a lawyer brings a malpractice action against a health care provider, the lawyer make a "reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant"; and (2) that the complaint commencing the action contain the attorney's certificate "that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant." (Emphasis added.) Subsection (b) of General Statutes § 52-190a provides that "[u]pon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required bysubsection (a) of this section. This period shall be in addition to other tolling periods." "The reasonable inquiry required by subsection (a)," however, unlike the attorney's certificate, is not defendant-specific. General Statutes § 52-190a (b). The purpose of this inquiry is simply and solely to determine if "there are grounds for a good faith belief that there has been CT Page 3480 negligence in the care or treatment of the claimant." The attorney filing a petition for an extension of time need not name the health care provider against whom the attorney may expect to file an action. In fact, the language of the statute suggests that the attorney need not name any health care provider in the petition. It is sufficient if the attorney files a petition to determine if "there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." General Statutes § 52-190a (a).
Next we look "to the legislative history and circumstances surrounding its enactment [and] to the legislative policy it was designed to implement. . . ." United Illuminating Co. v. NewHaven, supra, 240 Conn. 431. The legislative history of § 52-190a is singularly unhelpful. The statute was one of many products of "Tort Reform I" in 1986 and "Tort Reform II" the following year. A tedious examination of the volumes of legislative history produced by this seminal legislation fails to reveal anything which even remotely shed light on the issue before the court. So too, the relationship of § 52-190a to existing legislation is unilluminating. Nor are there "common law principles governing the same general subject matter." UnitedIlluminating Co. v. New Haven, supra, 240 Conn. 431. Section52-190a and the statute of limitations which it extends by ninety days are, by definition, statutory. Lametta v. Connecticut Light Power Co., 139 Conn. 218, 222, 92 A.2d 731 (1952).
As for the "circumstances surrounding its enactment [and] the legislative policy it was designed to implement," the Supreme Court has stated that "the general purpose of 52-190a is to discourage the filing of baseless lawsuits against health care providers." LeConche v. Elligers, 215 Conn. 701, 711, 579 A.2d 1
(1990). "General Statutes § 52-190a requires a plaintiff in a medical malpractice action to file a certificate of good faith evidencing that he or she has made a reasonable inquiry `to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant.' General Statutes § 52-190a. The purpose of this precomplaint inquiry is to discourage would-be plaintiffs from filing unfounded lawsuits against health care providers and to assure the defendant that the plaintiff has a good faith belief in the defendant's negligence. LeConche v. Elligers, [supra,215 Conn. 710-11]. The filing of a certificate is evidence that the plaintiff has conducted a reasonable inquiry. Id., 711." YaleUniversity School of Medicine v. McCarthy, 26 Conn. App. 497, CT Page 3481 501-02, 602 A.2d 1040 (1992).
It is the attorney's precomplaint inquiry, rather than the good faith certificate that is "of the essence of the thing to be accomplished" by the statute. (Internal quotation marks omitted.)LeConche v. Elligers, supra, 215 Conn. 711. "[A]lthough § 52-190a(a) does not address the consequences of a failure to file a certificate, it does address the consequences of filing of what is later deemed to be a false certificate. The statute provides: If the court determines after the completion of discovery, that such certificate was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court upon motion or upon its own initiative, shall impose upon the person who signed such certificate, a represented party or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. The court may also submit the matter to the appropriate authority for disciplinary review of the attorney if the claimant's attorney submitted the certificate." (Internal quotation marks omitted.) Id., 712.
That it is the attorney's precomplaint inquiry, rather than the good faith certificate, that is "`of the essence of the thing to be accomplished'" under subsection (a) of General Statutes § 52-190a; LeConche v. Elligers, supra, 215 Conn. 711; militates in favor of a liberal construction of the form of the petition allowed under subsection (b). So, too, does the fact that the statute prescribes no particular form for the petition, that the petition is submitted ex parte, and that the granting of the extension is an automatic and ministerial act performed by a clerk.
To be sure, even this liberality has its limits. SeeGabrielle v. Hospital of St. Raphael, supra, 33 Conn. App. 378. But "[w]hen two constructions are possible, courts will adopt the one which makes the [statute] effective and workable, and not one which leads to difficult and possibly bizarre results." (Internal quotation marks omitted.) Id., 386. Were the rule to be that an attorney seeking an extension of the statute of limitations to make a reasonable inquiry was required to name in his petition every defendant against whom his reasonable inquiry might indicate liability, there is little doubt but that the medical malpractice bar would, with Pavlovian predictability, name every CT Page 3482 health care provider anywhere in the geographical or clinical proximity of the medical malpractice. Cf. Maloney v. Conroy,208 Conn. 392, 403-04, 545 A.2d 1059 (1988) ("It is a fundamental assumption of jurisprudence that rules of law have an impact on the manner in which society conducts its affairs."). This would promote the purpose of preventing the medical malpractice claim from begetting a legal malpractice claim. It would, however, advance no purpose referable to the statute, § 52-190a. As noted supra, the petition for an extension of time is ex parte and its granting automatic; it serves as notice to nobody.
For these reasons, the court finds that the naming of one health care provider in the plaintiff's petition was surplusage. The timely filing of the petition served to extend the statute of limitations against all health care providers, named and unnamed. The motion for summary judgment is, therefore, denied.
LEVIN, J.