[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff's original service was made within the applicable statute of limitations. The original return date, however, was improper. Pursuant to General Statutes § 52-72, the plaintiff was permitted to amend the return date. The amended return date and re-service, however, were beyond the applicable statute of limitations.
This exact issue was addressed by Judge Austin in Danziger v.Shakaitis, Superior Court, judicial district of Middlesex, Docket No. 061768 (June 23, 1992) (7 CSCR 865);[1] and Judge Arena inDanziger v. Shakaitis, Superior Court, judicial district of Middlesex, Docket No. 061678 (January 22, 1992), aff'd. on other grounds 33 Conn. App. 6, 632 A.2d 1130 (1993), rev'd on other grounds 228 Conn. 914, 636 A.2d 846 (1993).[2]
Judge Austin held that § 52-72 (b) should be interpreted such that "service of the amended writ is deemed to have been made when the service of the original process was made." Judge Austin reasoned that a contrary ruling would defeat the remedial purpose of § 52-72. Accordingly, Judge Austin held that plaintiff Danziger's action was commenced within the proper statute of limitations period.
Judge Arena, however, made the opposite ruling in the same case. Judge Arena granted the defendant's motion for summary judgment against plaintiff Johnson because Judge Arena determined that the amended date of service was the proper date to determine whether an action was brought within the statute of limitations.
This court adopts the reasoning of Judge Austin. The Supreme Court has held that § 52-72 is remedial in nature. "As a CT Page 5617 remedial statute, § 52-72 must be liberally construed in favor of those whom the legislature intended to benefit. . . Statutes such as 52-72 were intended to take the sharp edges off the common law . . ." Concept Associates, LTD. v. Board of TaxReview, 229 Conn. 618, 623, 642 A.2d 1186 (1994).
Therefore, the defendant's motion for summary judgment is accordingly denied.
GILL, J.