[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, the Probate Court for the District of Ridgefield, by order dated June 24, 1999, approved a $112,860.82 claim by the defendants, William E. Decker and co-fiduciary Carol T. Decker against the estate of Katherine Amore. Heidi Winslow, a co-fiduciary of the estate, was also named as a defendant. The plaintiff, Albert E. Amore, son of the decedent Katherine Amore and an heir under her will, was aggrieved by the Probate Court approval and filed a Motion for Appeal from Probate on July 21, 1999. The Probate Court granted a Decree Allowing Appeal from Probate on July 28, 1999. The Decree assigned September 7, 1999 as the return date. The Decree and the Motion for Appeal from Probate were timely served on the defendants on August 11, 1999, but not returned to the Superior Court by the plaintiff until January 28, 2000. This first probate appeal was given Docket No. CT Page 13519 000338317 ("the first probate appeal"). The court, Morgahan, J., granted the defendants' Motion to Dismiss the first probate appeal by Memorandum of Decision dated April 26, 2000. Subsequently, the plaintiff re-filed the first probate appeal pursuant to General Statute Section 52-592(a), the Accidental Failure of Suit Statute and this second probate appeal was assigned Docket No. 00-0339632 ("the second probate appeal"). The complaint in the second probate appeal is dated June 5, 2000. The defendants were served with the second probate appeal on June 8, 2000 and the action was returned to the Superior Court on June 13, 2000. The defendants have now filed a Motion to Dismiss the second probate appeal claiming that it does not fall within the ambit of the Accidental failure of Suit Statute.
Each probate appeal in this case was a civil action for the purposes of mesne process. See, Kucej v. Kucej, ___ So.2d ___, 34 Conn. App. 579
(1994), citing Bergin v. Bergin, 3 Conn. App. 566 (1985). As such, the first probate appeal should have been returned to the Superior Court within six days of the return date. See, General Statute 52-46a. However, it was not returned within six days of the September 7, 1999 return date allowed by the Probate Court, but rather on January 28, 2000, nearly five months late. Thus, the first probate appeal, having been returned late, was rendered voidable. See, Bergin v. Bergin, supra. In its Memorandum of Decision dated April 26, 2000, the court, Moraghan, J., dismissed the first probate appeal based on the late return of service and not on the merits of the appeal. The plaintiff subsequently filed a complaint, dated June 5, 2000, seeking to reinstate the first probate appeal under the aegis of General Statute Section52-592(a), the Accidental Failure of Suit Statute, which provides as follows: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient . . . return of writ due to unavoidable accident or . . . for want of jurisdiction . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . . ." The issue this court must decide in this second probate appeal is whether the Motion to Dismiss filed by the defendants should be granted because of the plaintiffs alleged failure to meet the requirements of the Connecticut Accidental Failure of Suit Statute.
It is apparent, based on the admissions in the pleadings and the arguments made by both counsel at oral argument on August 21, 2000, that the parties and issues underlying the first probate court appeal are identical to the ones involved in the second probate appeal. It is also undisputed, based on the admissions contained in the pleadings, that the writ, summons and complaint in the first probate appeal were served on the defendants on August 11, 1999, less than thirty days after the July CT Page 13520 28, 1999 probate court decree allowing the appeal. Since General Statute45a-187 mandates that probate appeals be taken with thirty days, and since "the statute limiting the time for taking appeals from probate is a statute of limitations in the ordinary sense. . . ." See, Phinney v.Rosgen, 162 Conn. 36, 41 (1971), quoting Orcutt's Appeal, 61 Conn. 378,384 (1892), the first probate appeal was timely. Further, it was also "commenced" in a timely manner when the writ, summons and complaint were served on the defendants within the requisite thirty day time period, even though the writ was not timely returned to court. See, Broderick v.Jackman, 167 Conn. 96, 99 (1974); Rana v. Ritacco, 236 Conn. 330 (1996).
The Accidental Failure of Suit Statute is remedial and is construed liberally in order to avoid hardships resulting from an unbending enforcement of limitation statutes. See, Isaac v. Mount Sinai Hospital,210 Conn. 721 (1989). The prophylactic reach of the statute was intended to apply in situations like the one involved in this case. Here, the first probate appeal was commenced within the thirty day statute of limitations for filing probate appeals and when dismissed based on the late return of process, became voidable. The second probate appeal involves the same parties and issues and was commenced well within the one year period specified in the Accidental Failure of Suit Statute. Further, there appears to be no prejudice to the defendants who, having been timely served with writ, summons and complaint in the first probate appeal, are fully aware of the identical issues raised in the second probate appeal. The first probate appeal was never decided on its merits and, according to representations made by plaintiff's counsel at oral argument, was returned late due to an oversight by her office. Neither counsel nor the court have found any case law defining the term "unavoidable accident", but if the late return due to the oversight does not fall within the purview of that term, the second probate appeal still qualifies under the Accidental Failure of Suit Statute because the late return deprived the court of jurisdiction to hear it. In Exchange BuffetCorporation v. Rogers, 139 Conn. 374, 376, (1952), the Supreme Court said that [w]hen acting upon an appeal from probate, the Superior Court is exercising special and limited powers conferred upon it by statute. Unless the appeal complies with the conditions designated by the statutes as essential to the exercise of those powers, the Superior Court is without jurisdiction." It is the actual return of the writ to the court which puts an action before the court and empowers it to proceed. See,Arpaia v. Corrone, 18 Conn. App. 539 (1989). "Until such time as a proper return is made to the court, it lacks jurisdiction to consider the matter." See, Danziger v. Shaknaitis, 33 Conn. App. 6, 11 (1993). When the court, Morgahan, J., dismissed the first probate appeal due to the late return, it did so on jurisdictional grounds even thought it did not employ that specific term. The dismissal on jurisdictional grounds clearly falls within the parameters of the Accidental Failure of Suit CT Page 13521 Statute.
Under the circumstances of this case, it is permissible for the plaintiff to proceed on the second probate appeal filed pursuant to the Accidental Failure of Suit Statute because the first probate appeal involved the same parties and issues, was filed within the thirty day probate appeal statute of limitations and failed due to one or more of the reasons listed in General Statute Section 52-592(a). The case at bar involves the very type of situation to which the statute was intended to apply. The Motion to Dismiss is denied.
White, J.